## STATE *vs.* JOHN F. McDONALD.

A boy some twelve years of age was indicted for an assault with a pistol. He testified at the trial that he thought the pistol was unloaded when he fired it.

*Held*, that the State in cross examination could inquire into his knowledge and experience of the weapon, and hence could ask him how many times he had fired it before that day.

Two other boys testified that the defendant had fired at them the day before the assault charged.

*Held*, that the evidence was admissible as tending to show the assault to be wilful not accidental, and as tending to affect the defendant with knowledge of the criminal nature of his act.

The prosecution called a witness, who, after stating his acquaintance with the defendant, testified that the defendant was an "intelligent boy."

*Held*, that this testimony, though vague and of not much value, was still admissible.

A defendant under fourteen years of age is presumably incapable of crime: the presumption is not conclusive unless he is under seven; if over seven his capability, when evidence is adduced to prove it, becomes a question of fact for the jury.

EXCEPTIONS to the Court of Common Pleas.

*November* 3, 1883. DURFEE, C. J. This is an indictment for assault with a dangerous weapon, to wit, a pistol. The defendant, a boy twelve or thirteen years old, fired the pistol at another

boy, inflicting a serious wound.    The defence was : *first,* that the shooting was accidental; and *second,* that the defendant was too young to be criminally responsible.    The trial in the Court of Common Pleas resulted in a verdict of guilty.    The case is here on exceptions for error in the rulings of the court below.

1. There was evidence going to show that the defendant had bought the pistol himself and kept it without the knowledge of his father.    He was called as a witness in defence, and testified that he thought the pistol was empty when he fired it.    In cross examination the attorney general asked him, under objection, how many times he had fired it before that day.    The defendant answered, " three times, about a week before in the woods."    The first exception raises the question whether this testimony was properly admitted.    We think it was.    The defendant having testified that he thought the pistol was empty, the government was entitled, in cross examination, to inquire into his knowledge of the weapon and experience with it.

2. The government called as witnesses two boys, eight and ten years old, who testified that the defendant shot at them the day before the assault for which he was indicted.    The testimony was excepted to.    We think it was admissible.    It was material to prove that the shooting was not accidental but wilful, and in such a case other acts of the defendant of the same kind may be given in evidence to show that it was wilful.    *Regina* v. *Dossett,* 2 Carr. & K. 306 ; *Rex* v. *Voke,* R. & Ry. 531.    We think it was also admissible for the purpose of showing, in connection with the other testimony, that the defendant was *doli capax,* or had such a knowledge of the nature of the act as would make him criminally responsible.    Roscoe's Criminal Evidence, 92–98 ; Wharton's Criminal Evidence, § 46 ; *Rex* v. *Mogg,* 4 Carr. & P. 364 ; *Bottomley* v. *The United States,* 1 Story, 135, 144.

3. The government also called a witness who, after giving testimony going to show that he was somewhat acquainted with the defendant, was asked if the defendant was an intelligent boy, and replied that he should say he was.    Doubtless the testimony was offered to show that the defendant was capable of the offence charged.    We do not think that testimony of so vague a character can be regarded as very valuable, but we are not prepared to

say that it was inadmissible. We have latterly held, on questions of sanity, that witnesses who have personally known the person alleged to be or to have been insane may be asked to give their opinion. It does not need the special knowledge of an expert to discover whether a boy is simply intelligent or not. If the witness had been asked if the defendant had the kind or degree of intelligence which would render him criminally responsible, it would be a different matter.

4. At the close of the testimony the counsel for the defendant asked the court to instruct the jury to bring in a verdict of not guilty on account of the youth of the defendant. The court refused, and we think rightly refused, the request. If the accused be less than fourteen years old, he is presumed to be incapable of crime ; but, unless he is under seven, the presumption is not conclusive. It may be rebutted by evidence to the contrary, the question, when such evidence is adduced, being a question of fact for the jury. There was such evidence here. We think the question of fact was left to the jury under proper instructions from the court.                                    *Exceptions overruled.*

*Samuel P. Colt,* Attorney General, for plaintiff.
*Charles F. Baldwin,* for defendant.