OPINION
PER CURIAM.
This is the state’s appeal from the grant by a Superior Court justice of the defendant’s motion to dismiss an indictment that charges him with the commission of a sexual assault against a person under thirteen years of age, a violation of G.L.1956 (1981 Reenactment) § 11-37-2, as amended by P.L.1981, ch. 119, § 1 and § 11-37-3. The assaults allegedly occurred sometime between January 1, 1979, and December 31, 1981, at a time when the defendant was between the ages of twelve years, five months, and fifteen years, five months. The indictment was returned in late November 1986. In dismissing the indictment, the Superior Court justice explained that at the time of the alleged crimes, the defendant was a child who could not be held criminally responsible for any crimes that he may have committed. In taking this position, the Superior Court justice relied on In re Michael, 423 A.2d 1180 (R.I. 1981), where this court commented:
“Today, no child under the age of sixteen can be charged or convicted of a crime, nor does the adjudication of delinquency or waywardness for the commission of an offense that, if committed by an adult, would be a felony or other violation of law operate as a conviction or impose any civil disabilities usually resulting from such a conviction.” Id. at 1182 (citing G.L.1956 (1969 Reenactment) § 14-1-40).
At common-law a child between the ages of seven and fourteen was presumed to be incapable of committing a crime. See State v. Mariano, 37 R.I. 168, 188, 91 A. 21, 29 (1914); State v. McDonald, 14 R.I. 270, 272 (1883).
Recently, in State v. Mastracchio, 546 A.2d 165 (R.I.1988), the defendant was tried and convicted by a Superior Court jury for a homicide he committed when he was seventeen but for which he was not charged until he was twenty-three. There we remanded the case to the Superior Court for a determination of whether the Family Court would have waived jurisdiction in the case because the waiver rule applies solely to juveniles who are at least sixteen years of age at the time of the commission of the criminal act.
The Legislature, at its January 1988 session, considered legislation that was designed to fill the gaps in the present law. The legislation was approved by the General Assembly but was vetoed by the Governor because of its vagueness. The Attorney General has asked this court to fashion “some sort of relief” until such time as the Legislature acts to fill the statutory void. Such a view ignores the constitutional prohibition against ex post facto legislation that attempts to convert conduct once classified as delinquency into a criminal offense. Any remedial action coming about as a result of this case is to take place in the legislative and executive branches of our state government, rather than by judicial fiat.
The state’s appeal is denied and dismissed. The judgment appealed from is affirmed.