STATE *vs.* JOHN WRIGHT.

A complaint was headed "To A. B., Justice of the District Court of the Sixth Judicial District;" the *jurat* showed that it was subscribed and sworn to before C. D., justice of that court. When the complaint was made A. B. was not, and C. D. was, the justice of that court.

*Held,* that this court would take judicial cognizance that C. D. was the justice.

*Held,* further, that the name A. B. should be treated as surplusage.

EXCEPTIONS to the Court of Common Pleas.

*May* 25, 1889. PER CURIAM. The defendant was complained of for keeping intoxicating liquors for sale in violation of law. The complaint begins thus: " To James W. Blackwood, Esq., Justice of the District Court of the Sixth Judicial District," etc., but it appears by the *jurat* that it was subscribed and sworn to before William B. Beach, justice of the District Court of the sixth judicial district. It is a fact of which we think we can take judicial notice, that William B. Beach was at the date of the complaint justice of the District Court of the sixth judicial district. 1 Wharton on Evidence, § 324, note 4. The question raised by

the exception is, whether it is a fatal defect in the complaint that it was formally addressed to James W. Blackwood instead of William B. Beach. It seems to us that it sufficiently appears that the complaint was actually made to Beach and received by him, and therefore that the defect is not fatal. There was no James W. Blackwood, who was at the time justice of the District Court of the sixth judicial district, and the name may in our opinion be treated as surplusage.

The exceptions are overruled, and the case remitted to the Court of Common Pleas for sentence.

*Horatio Rogers*, Attorney General, for plaintiff.

*Charles H. Page & Franklin P. Owen*, for defendant.

