STATE *vs.* LEONARD W. HORTON AND FRANCIS P. DOUGHERTY.

MAY 12, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Conspiracy.  Indictments.  Defeating Public Justice.*

An indictment charging defendants with conspiring to attempt to obtain a decree of divorce by uttering and publishing a false and fraudulent deposition, known to them to be such, "with the object of misleading, cheating, defrauding and defeating public justice," sufficiently apprised defendants that the charge was that of conspiring to obtain the entry of a decree of divorce by means of a false deposition known to them to be such; and the allegation relating to defeating public justice was not the allegation of a second conspiracy but an unnecessary attempt to characterize as criminal the intent of the defendants in the offence charged.

*(2)  Defeating Public Justice.  Offences at Common Law.*

To wilfully mislead a court of justice by the production of false evidence or to obstruct or pervert the administration of public justice is an offence at common law.

*(3)  Indictment.  Bills of Particulars.*

If an indictment might be objectionable because it failed to apprise a defendant of the particular proceeding in divorce in which it was claimed a false deposition was published, such fault is cured by a bill of particulars

giving such information, filed by the state on the order of the court at request of defendant.

*(4)   Bills of Particulars.   Indictments.*

A motion of defendant, in an indictment, that he be furnished certain particulars, calling for a disclosure by the state of evidence intended to be introduced to support the indictment, is addressed to the legal discretion of the court and his ruling will not be disturbed unless it appears that there has been an abuse of discretion.

*(5)   Indictments.   Evidence.   Conspiracy.*

On an indictment charging defendants with conspiring to attempt to obtain a decree of divorce by uttering and publishing a false deposition, the State was properly permitted to introduce the record in two other divorce petitions and also testimony relating to such petitions, showing other acts of defendants similar in character and closely related in their circumstances to the one charged, since such evidence plainly tended to establish that the act charged and the other acts were part of a general scheme of defendants and that defendants in presenting to the court the deposition in the present case were fully aware of its fraudulent character.

INDICTMENT. Heard on exceptions of defendants and overruled.

SWEETLAND, C. J. This is an indictment charging a conspiracy of the respondents to obtain the entry of a decree of divorce in the Superior Court by means of a false and fraudulent deposition.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict of guilty. The respondents duly filed a motion for new trial which was denied by the justice. The case is here upon the respondents' exception to the decision of the justice on the motion for new trial and also upon exceptions to certain rulings made by the justice upon demurrer to the indictment and in the course of the trial.

The indictment is in one count and charges in substance that the defendants fraudulently and unlawfully combined, confederated and conspired to attempt to obtain a decree of divorce in a case pending in the Superior Court for the counties of Providence and Bristol by uttering and publishing a false and fraudulent deposition, purporting to be the deposition of one George E. Rands, with the object of

misleading, cheating, defrauding and defeating public jus-
tice; and that the defendants then and there well knew
that said deposition was false, fraudulent and untrue. The
respondents demurred to the indictment. The essential
grounds of demurrer were that the indictment is "vague,
indefinite and uncertain", that it attempts to charge two
offenses, viz., a conspiracy to obtain a decree of divorce by
publishing a false and fraudulent deposition, and also a
conspiracy "with the object, purpose and intent of mis-
leading, cheating, defrauding and defeating public justice,"
and further that the "misleading, cheating, defrauding and
defeating public justice" is not the statement of a crime
known to the common law or to the statutes of this state.
From the allegations of the indictment the respondents were
apprised with reasonable certainty that the charge against
them was that of conspiring to obtain the entry in the
Superior Court of a decree of divorce by means of a false and
fraudulent deposition known to them to be such. The
allegation that their action was "with the object, purpose
and intent of misleading, cheating, defrauding and defeating
public justice" is clearly not the allegation of a second
conspiracy and another offense, but is the unnecessary
attempt on the part of the state to characterize as criminal
the intent of the respondents in the offense that has been
charged.

(2)     The statutes of the State do not in terms include the act
of misleading, cheating, defrauding and defeating public
justice among the criminal offenses. It is provided, how-
ever, that every act which is an offense at common law and
for which no punishment is specifically prescribed in the
statutes may be prosecuted and punished as an offense at
common law; and punishment is fixed for such offense.
Sec. 1, Chap. 402, Gen. Laws 1923. It can not be questioned
that wilfully to mislead a court of justice by the production
of false evidence or to obstruct or pervert the administra-
tion of public justice is an offense at common law. This
has been recognized in *State* v. *Bacon*, 27 R. I. 252. In that

case, upon demurrer a count of an indictment was sustained in which it was alleged that the respondents conspired to procure an action to be commenced upon a charge known to them to be false, unlawful and fraudulent with intent to cheat the defendant in such action. Although such intent was not alleged in the indictment, it was held that the count charged a conspiracy to pervert or obstruct justice. In the case at bar if the indictment had contained the allegations that the conspiracy alleged was "with the object, purpose and intent of perverting and obstructing justice" the count would not thereby have been rendered demurrable, nor would the absence of such an allegation, under the authority of *State* v. *Bacon, supra,* make the indictment bad. While the words, "misleading, cheating, defrauding and defeating public justice" are not synonymous with the words "perverting and obstructing justice" we think that, at most, they should be regarded as surplusage, and their presence is not fatal to the indictment. The action of the Superior Court in overruling the demurrer is sustained.

(3) If the count of the indictment is objectionable because it fails to apprise the respondents of the particular proceeding in divorce in which it is claimed that the false and fraudulent deposition was uttered and published, that fault has been cured by the bill of particulars filed by the state upon the order of the court, at the request of the respondents. In that bill the title and number of the divorce petition is set forth and the particulars in which the deposition of George E. Rands is claimed to be false, fraudulent and untrue, and also the numbers of two other petitions for divorce on the files of the Superior Court which the state claims were relevant evidence upon the question of the criminal intent of the respondents in the conspiracy alleged in the indictment. The respondents except to the ruling of the justice denying the respondents' motion that they be furnished certain particulars, which clearly call for a disclosure by the State of the evidence which the State intended to introduce (4) to support the indictment. The respondents' motion was

addressed to the legal discretion of the justice, and his ruling will not be disturbed unless it appears that there has been an abuse of discretion. *Kenyon* v. *Hart*, 38 R. I. 524. In our opinion the ruling of the justice was without error. *Sullivan* v. *Waterman*, 21 R. I. 72; *Commonwealth v. Jordan*, 207 Mass. 259.

The respondents have pressed before us their exception to the denial by the justice of their motion for new trial. The ground of this motion was that the verdict was contrary to the evidence and the weight thereof. Neither of the respondents offered themselves as witnesses, nor introduced evidence in defense. The following facts appeared in the State's evidence. Each of the respondents was an attorney at law, and they occupied offices together in Providence. The respondent Dougherty was solicitor for the petitioner in the divorce petition of Genevieve F. Thomas *v.* Edwin T. Thomas, numbered 18118 in the files of the Superior Court. That case was heard by a justice of the Superior Court, and a decision was entered in favor of the petitioner. The petition was heard upon what purported to be the depositions of the petitioner, of said George E. Rands and of his wife, Helen F. Rands. These depositions purported to have been taken by the respondent Horton, who was one of the standing masters in chancery appointed by the Superior Court. Accompanying the depositions was the official certificate of the respondent Horton to the effect that the deponents appeared before him, were examined and sworn by him and gave the depositions which were written out by him and signed by the deponents in his presence. What purported to be the deposition of George E. Rands sets forth that he is the brother-in-law of the petitioner, Genevieve F. Thomas; that the petitioner had lived in his family in Providence for four years just before the time of giving the deposition. The deposition also set out other evidence in support of the allegations of the petition. At the trial of the indictment at bar the State called George E. Rands as a witness. From his testimony the jury might

find that he was not the brother-in-law of the petitioner, Genevieve F. Thomas; that he did not know her and had never seen her; that he was either employed by the respondents in their office, or was frequently there; that he was known by both respondents; that at the request of the respondent Dougherty he affixed his signature at the foot of the page which purported to contain his deposition; that he did not read what was written above his signature; that he was not sworn by the defendant Horton, did not make the statements appearing above his signature; and did not sign in the presence of Horton. The respondents urge that this court should entirely disregard the testimony of the witness Rands for the reason that he was a co-conspirator by his own admission, and was plainly a witness entirely unworthy of belief. From the testimony the jury might have been justified in finding Rands to be a man of low character, and the willing tool of the respondents, either for compensation or for some other advantage to himself; but from the testimony he was not in this matter a co-conspirator with the respondents. The question of the credibility of the witness Rands and of the weight to be given to his testimony was primarily for the jury, and later for the justice of the Superior Court upon the motion for new trial. The justice has approved the finding of the jury, which must have been based largely upon their belief in the testimony of Rands. Nothing has been presented here which would justify us in disturbing the decision of the justice.

The respondents have excepted to the rulings of the justice permitting the State to introduce in evidence the record in two other divorce petitions on the files of the Superior Court, viz., Baird *v.* Baird and Franck *v.* Franck, and also testimony relating to these petitions. In each of those cases the respondent Dougherty was solicitor for the petitioner and the depositions upon which they were heard purported to have been taken before the respondent Horton as master in chancery. Among the depositions offered in

support of the Baird petition was one purporting to have been given by George Rands. The witness Rands in the case at bar testified that he did not sign or swear to the truth of that deposition and that he is ignorant of the facts contained therein. Among the depositions in the Franck case is one purporting to be that of George Ransom setting out that he is the brother-in-law of the petitioner, and other evidence in support of the petition. In the trial of the case at bar the witness Rands testified that he signed the name George Ransom appearing at the foot of the deposition at the request of the respondent Dougherty and in his presence alone; that he was not sworn by the respondent Horton and did not sign in his presence and has no knowledge of the truth of the facts set out in the pretended deposition.

The ground of the respondents' exceptions to the rulings of the justice admitting these records and the testimony relating to them is that they constituted evidence tending to show that the respondents had committed other offenses which are distinct from that charged in this indictment, and that the presentation of such evidence to the jury was highly prejudicial to the respondents. The principle is undoubtedly sound that ordinarily one criminal act can not be shown as evidence of another. An exception to the general rule, however, is generally recognized that evidence of other criminal acts similar to the one charged may be shown for the purpose of establishing the criminal intent of a respondent. In the case at bar the State was properly permitted to offer evidence of these other acts of the respondents, similar in character and closely related in their circumstances to the one charged; since such evidence plainly tended to establish that the act charged and the other criminal acts shown in evidence were part of a general felonious scheme and system of the respondents; and also that the respondents in presenting to the court the deposition of Rands in the Thomas case were fully aware of its fraudulent character. *State* v. *McDonald,* 14 R. I. 270.

All of the respondents' exceptions are overruled. The case is remitted to the Superior Court for sentence.

*Charles P. Sisson, Atty. Gen.*, for State.

*Fitzgerald & Higgins, William H. Camfield*, for defendants.

