STATE OF MAINE *vs.* VICTOR LANGELIER.

Androscoggin.     Opinion, November 3, 1939.

*Edward J. Beauchamp,* County Attorney,

*Armand A. Dufresne, Jr.,* Assistant County Attorney (on the brief) for State.

*Frank T. Powers,* for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.    Indictment for sodomy. Defendant demurred specially on the ground that the indictment did not allege an assault upon the person with whom the offense was committed. Another ground for demurrer was alleged but not pressed, the defense conceding that it was without merit.

The late case of *State* v. *Cyr,* 135 Me., 513, 198 A., 743, points out that,

"By the weight of recent authority apparently supported by better reasoning, sodomy as used in connection with statutes prohibiting the crime against nature is interpreted in its broad sense and held to include all acts of unnatural carnal copulation with mankind or beast."

It has frequently been held that it is sufficient merely to charge the accused with the commission of the crime of "sodomy," or of "the crime against nature," the crime being too well known and too disgusting to require other definition or further details or description. Wharton's Crim. Pro. 10th ed., V. 2, Secs. 1234 and 1243; 8 R. C. L. 335.

Reason and authority lead to agreement with the opinion of the court in *Glover* v. *State of Indiana,* 101 N. E., 629, 45 L. R. A. N. S., 473:

"By reason of the vile and degrading nature of this crime, it has always been an exception to the strict rules requiring great particularity and nice certainty in criminal pleading, both at common law and where crimes are wholly statutory. It has never been the usual practice to describe the particular manner or the details of the commission of the act, and, where the offense is statutory, a statement of it in the language of the statute, or so plainly that its nature may be easily understood, is all that is required."

As the offense includes all unnatural copulations with mankind or beast, and may be committed without compulsion or force, it is plain that assault is an element only when the offense is perpetrated upon an unwilling human being, and is not an element if the other party consents, or when the offense is committed with a beast. Consent is no defense to a prosecution for sodomy, thus distinguishing the prosecution from one for rape. 58 C. J., pp. 789, 792.

Although forms used in criminal procedure in this state have generally included the allegation of force in an indictment of this character, yet it being unnecessary of proof, an indictment which covers all the material statutory terms is sufficient. *State* v. *Bushey*, 96 Me., 151, 51 A., 872; *State* v. *Conant*, 124 Me., 198, 126 A., 838.

> *Exceptions overruled.*
> *Indictment adjudged sufficient.*