346 A.2d 121.

STATE *vs.* JOHN J. TESSIER.

OCTOBER 31, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. In late November 1972 the defendant, John J. Tessier, had a trial by jury on a charge of murder and was found guilty of manslaughter. On March 28, 1973, at the conclusion of the sentencing hearing, the trial justice sentenced the defendant to a term of six years at the Adult Correctional Institutions. Sentence was immediately stayed pending the defendant's appeal to the Supreme Court. Notice of appeal was filed April 3, 1973, and the case was docketed in the Supreme Court on June 13, 1974. The defendant's brief was filed May 7, 1975, and the state's brief was filed August 29, 1975. On October 10, 1975, the defendant waived the scheduled oral argument.

The sole contention by defendant on appeal is that the trial justice committed error by abusing his discretion in the conduct of the sentencing hearing of March 28, 1973. Specifically, defendant asserts that the trial justice should not have heard allegations by witnesses that defendant

had harassed them in violation of criminal law. The defendant argues that the admission of this testimony exceeded the scope and purpose of the sentencing hearing, since no formal charges based on the alleged conduct had been brought against defendant.

The state argues *inter alia* that defendant is not properly before the Supreme Court because he did not pursue the available remedy of Super. R. Crim. P. 35 in the Superior Court. We agree.

Rule 35 became effective September 1, 1972. It reads as follows:

> "The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari. The court may reduce a sentence, the execution of which has been suspended, upon revocation of probation."

Since defendant's appeal amounts to a claim that the sentence was illegally determined and imposed, Super. R. Crim. P. 35 applies.

This court has twice urged, without requiring, that Super. R. Crim. P. 35 be pursued before taking an appeal. In *State* v. *Fortes,* 114 R. I. 161, 176-77, 330 A.2d 404, 413 (1975), decided last January 10, we said:

> "As we have stated above, the instant case is before this court on the defendant's appeal from the judgment finding him in violation of the deferred sentence previously imposed on June 26, 1969. The proper procedure, however, was not to appeal therefrom directly to this court, but to seek revision initi-

ally in the Superior Court under Rule 35, and then to come to this court by appeal. While we have reviewed the sentence in this case without requiring the defendant first to exhaust his remedies in the Superior Court, we have done so only because Rule 35 is of comparatively recent origin and obviously unfamiliar even to such experienced counsel. To perpetuate the injustice worked upon the defendant in this instance because of counsel's unintentional noncompliance with procedural requirements would, in the circumstances, be so contrary to the interests of justice as not to be tolerable. Our willingness to proceed in this instance without first requiring Rule 35 proceedings, however, should not be deemed to be a precedent for noninsistence thereon in those rare instances which may arise in the future when sentence revision is deemed appropriate. *See Santos* v. *Smith,* 99 R. I. 430, 431-32, 208 A.2d 524, 525 (1965)."

In *State* v. *Crescenzo,* 114 R. I. 242, 265, 332 A.2d 421, 434 (1975), decided last February 3, we said:

"In *Fortes* we held that a 'manifestly excessive' sentence was subject to revision. We would point out here, as we did in *Fortes,* that attempts at revision should begin in the Superior Court by way of the provisions of Super. R. Crim. P. 35. Those taking that route are reminded that they have the burden of establishing here, on the appellate level, the complete absence of any justification for the sentence imposed in the trial court."

In the instant case sentence was imposed seven months after Super. R. Crim. P. 35 became effective, and the defendant's brief was filed three months after *Fortes* and *Crescenzo* were decided. The defendant and his counsel have had ample time to become familiar with Rule 35 and the necessity of seeking revision under it before coming to this court by appeal.

The appeal is dismissed with leave to petition the Superior Court within 120 days in accordance with the provisions of Super. R. Crim. P. 35.

*Julius C. Michaelson,* Attorney General, *William Gran-field Brody,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Allegra E. Munson,* Asst. Public Defender, for defendant.