C. A. No. 75-322. STATE *v.* ROBERT CLINE. On September 30, 1976, we granted the defendant's motion for a limited remand. In his motion defendant, through his attorneys' alleged that he was seeking a revision of an illegal sentence and that such review must be first sought in the Superior Court, citing *State v. Tessier*, 115 R.I. 372, 346 A.2d 121 (1975). The State made no objection to this motion.

When the Superior Court received the remand the Presiding Justice, acting pursuant to G.L. 1956 (1969 Reenactment) §8-2-23, convened a three judge panel. It is clear from the record that what the defendant actually seeks is a ruling on the constitutionality of G.L. 1956, (1969 Reenactment) §11-23-2, which authorizes imposition of the death penalty.

We are now in receipt of a request for instructions from the three judge panel asking whether it was our intent that the Superior Court direct itself to the constitutional issues involved in this case in the light of *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), and its companion cases.

In issuing the remand order, it was never our intention that the Superior Court consider the constitutionality of §11-23-2.

Consequently, it is hereby ordered that if the sole issue which the defendant seeks to argue in that court is the constitutionality of §11-23-2, that the Superior Court return the case forthwith to this court. *Julius C. Michaelson*, Attorney General, *Judith Romney Wegner*, Special Asst. Attorney General, for plaintiff. *William F. Reilly*, Public Defender, *Barbara Hurst*, *John A. MacFadyen III*, Asst. Public Defenders. *Milton Stanzler*, *Robert Shuman*, *Robert Mann*, for Rhode Island Affiliate of the American Civil Liberties Union, Amicus Curiae, for defendant.