STATE

v.

James McPARLIN.

No. 79–23–C.A.

Supreme Court of Rhode Island.

Nov. 17, 1980.

Dennis J. Roberts II, Atty. Gen., Alyssa L. Talanker, Sp. Asst. Atty. Gen., for plaintiff.

John A. MacFadyen, III, Asst. Public Defender, for defendant.

## OPINION

WEISBERGER, Justice.

The appellant, James McParlin, was tried in March of 1978 on six counts arising from one indictment and two separate informations. The jury convicted appellant on count two of the indictment,[1] which charged that appellant "did commit the abominable and detestable crime against nature, fellatio, upon Deborah M. Etchells, in violation of § 11–10–1 of the G.L.R.I., 1956, as amended, (Reenactment of 1969)." The appellant now challenges this conviction because of a variance between the indictment and the proof.

Prior to trial, appellant moved for dismissal of this count on the ground that it was physically impossible for a man to perform fellatio upon a woman. The court rejected this motion, noting that the term "fellatio" in the indictment was surplusage. The evidence adduced at trial indicated that the acts committed constituted cunnilingus rather than fellatio.[2] At the close of the state's case defendant renewed the contention that the indictment was defective in the form of a motion for judgment of acquittal. The court again rejected the motion, holding that the word "fellatio" was surplusage, because the indictment was sufficiently specific without describing the act.[3]

Under G.L.1956 (1969 Reenactment) § 12–12–10, so long as the essential elements of the offense are stated in the indictment, a judgment of acquittal is appropriate only if the variance causes prejudice. General Laws 1956 (1969 Reenactment) § 12–12–10, as amended by P.L.1974, ch. 118, § 11. Thus, we first confront the question whether the indictment as returned stated the essential elements of the offense charged. We note that G.L.1956 (1969 Reenactment) § 11–10–1 is intended

1. The indictment charged two counts and each information charged two counts. In addition to the conviction for the abominable and detestable crime against nature, the jury returned a guilty verdict on one of the information counts for unlicensed possession of a pistol, which appellant does not challenge. The jury returned not–guilty verdicts on all other counts.

2. Although both fellatio and cunnilingus are crimes against nature, they are distinct in definition. Fellatio is "[t]he offense committed with the male sexual organ and the mouth." *Black's Law Dictionary* 743 (4th ed. rev. 1968). Cunnilingus is "[a]n act of sex perversion committed with the mouth and the female sex organ." *Id.* at 456.

3. It should be noted that the trial justice did not purport to strike this surplus allegation or to amend the indictment. Thus the provisions of Super.R.Crim.P. 7(d) and 7(e) are inapplicable.

to punish a wide variety of unnatural acts of sexual copulation. *State v. Santos*, R.I., 413 A.2d 58, 65 (1980); *State v. Milne*, 95 R.I. 315, 320, 187 A.2d 136, 139 (1962), *appeal dismissed*, 373 U.S. 542, 83 S.Ct. 1539, 10 L.Ed.2d 687 (1963). In *Milne* this court held that in enacting such a statute, it was unnecessary for the Legislature to enumerate specifically each variation of proscribed sexual activity. *Milne, supra.* Thus, the statute identifies the crime by use of a generic term, rather than by specific enumeration. *Santos* and *Milne*, both *supra.* This phenomenon is not uncommon among statutes proscribing unnatural sexual activity. Furthermore, other jurisdictions have recognized that because of the nature of the crime, indictments generally do not describe with specificity the method of committing the crime.[4] *State v. Langelier*, 136 Me. 320, 8 A.2d 897 (1939); *State v. Dayton*, 535 S.W.2d 469 (Mo.App.1976); *State v. Reep*, 12 N.C.App. 125, 182 S.E.2d 623 (1971). An indictment charging "the abominable and detestable crime against nature," without specific reference to the variation, would suffice. We are therefore satisfied that had the indictment omitted the word "fellatio" it would nevertheless have been sufficient.[5] Thus, the trial justice was correct in characterizing the presence of the word as surplusage. Surplusage in an indictment is unnecessary and therefore does not vitiate the indictment. *State v. Horton*, 47 R.I.

341, 344, 133 A. 236, 237 (1926); *State v. Wright*, 16 R.I. 518, 519, 17 A. 998, 998 (1889). Without it the indictment states "the essential elements of the crime" as required in § 12–12–10. This being so, we now turn to the question whether the variance between the specific allegation and the proof of cunnilingus prejudiced appellant's defense.

The appellant does not argue that the variance between the proof and the allegation resulted in any actual prejudice to his defense. Rather, he asks this court to enunciate a rule of prejudice *per se*. Whatever the merits of such a policy might be, it is wholly inconsistent with the plain meaning of § 12–12–10. As long as the essential elements are stated in the indictment, § 12–12–10 permits discharge of a defendant only when the variance is prejudicial to his defense. Thus, § 12–12–10 establishes a general rule that variances do not result in acquittals, creating an exception for those cases in which the variances caused prejudice. Because a *per se* rule would make every variance automatically prejudicial, the general rule of § 12–12–10 would be effectively nullified by the exception. We do not believe that the Legislature intended such a result in enacting § 12–12–10. Rather, we are satisfied that the Legislature intended to require some showing of actual

---

4. The Maine Supreme Judicial Court in *State v. Langelier*, 136 Me. 320, 8 A.2d 897 (1939), enunciated the rule in the following manner:

> "By reason of the vile and degrading nature of this crime, it has always been an exception to the strict rules requiring great particularity and nice certainty in criminal pleading, both at common law and where crimes are wholly statutory. It has never been the usual practice to describe the particular manner or the details of the commission of the act, and, where the offense is statutory, a statement of it in the language of the statute, or so plainly that its nature may be easily understood, is all that is required." *Id.* at 321, 8 A.2d at 897 (quoting *Glover v. State*, 179 Ind. 459, 101 N.E. 629 (1913)).

5. The appellant relies upon *State v. Brown*, 97 R.I. 115, 196 A.2d 133 (1963), for the proposition that charging the offense in generic terms is insufficient. In *Brown* this court had before it a statutory scheme involving a generic offense and two specifically delineated forms thereof. We held that it was necessary to read the statute as a whole in order to avoid vagueness problems for the generic section. We held further, however, that charging by use of the generic section alone was insufficient to inform the defendant of the charge against him. *Brown* is inapposite here because that case involved a statutory scheme. The prosecution in *Brown* sought to charge the defendant with a specific statutory crime but selected the generic section of the statute for the complaint. In the instant case, however, the statute provides only the generic name without any elaborate delineations of the varieties of the offense. *State v. Santos*, R.I., 413 A.2d 58 (1980); *State v. Milne*, 95 R.I. 315, 187 A.2d 136 (1962). The rule of *Brown* is inapplicable here because there is no question that the indictment states correctly the statutory offense meant to be charged.

prejudice in order to discharge a defendant for variance. *See State v. Harris*, 111 R.I. 147, 152, 300 A.2d 267, 269–70, *cert. denied*, 414 U.S. 1008, 94 S.Ct. 369, 38 L.Ed.2d 245 (1973).

We have noted previously that the Legislature eliminated strict technicality in pleading in enacting chapter 12 of title 12 of the 1956 General Laws. *State v. Raposa*, 100 R.I. 516, 217 A.2d 469 (1966). This court has declined "even by indirection, [to] reintroduce technicality into the pleading of criminal offenses." *Id.* at 519, 217 A.2d at 471. Furthermore, in promulgating Rule 16 of the Rules of Criminal Procedure of the Superior Court, Rhode Island has adopted one of the most liberal discovery mechanisms in the United States. This discovery rule, in addition to Rule 7(f), which authorizes a bill of particulars, will effectively permit a person accused of an offense in general terms to obtain detailed information in respect to the underlying circumstances to be presented in support of the accusation. In this era of extensive discovery, the adoption of a *per se* rule of prejudice would scarcely be necessary to ensure that a defendant receives adequate notice of the offense with which he is charged. Because appellant raises no claim of actual prejudice, we find no error in the decision of the trial justice not to acquit on the basis of variance. Furthermore, because we have concluded that the word "fellatio" was surplusage and need not be proven, there was no need to charge the jury on the term. *Weldon v. United States*, 183 F.2d 832 (D.C.Cir. 1950), *cert. denied*, 343 U.S. 967, 72 S.Ct. 1063, 96 L.Ed. 1364 (1952); *Stine v. United States*, 32 F.2d 742 (8th Cir. 1929); *Woolsey v. People*, 98 Colo. 62, 53 P.2d 596 (1936).

■ The trial justice, by charging the jury that defendant was accused of cunnilingus and defining only that variation of § 11–10–1, was merely complying with the well-settled rule that a charge to the jury should be confined to propositions of law related to material issues of fact which the evidence tends to support. *State v. Crough*, 89 R.I. 338, 152 A.2d 644 (1959); *State v. Saccoccio*, 50 R.I. 356, 147 A. 878 (1929).

■ The appellant contends that the state failed to prove every element of § 11–10–1 beyond a reasonable doubt. The appellant conceded that the state produced competent evidence showing that appellant kissed the complaining witness "all over her body, including her private parts." The appellant argues, however, that the state failed to establish penetration, which appellant considers an essential element of cunnilingus. The appellant failed to raise the question of penetration at any time during the trial proceeding. We reiterate the well-settled rule that issues not raised at trial may not be raised for the first time on appeal. *Hawkins v. Smith*, 105 R.I. 669, 254 A.2d 747 (1969); *State v. Dettore*, 104 R.I. 535, 247 A.2d 87 (1968).[6] For this reason, appellant's contention that the state failed to prove all elements is without merit.

■ Finally, appellant contends that the trial justice considered improper criteria in imposing sentence. We established in *State v. Tessier*, 115 R.I. 372, 346 A.2d 121 (1975), that the appropriate method to seek review of such issues is not a direct appeal to this court after imposition of sentence, but a motion under Rule 35 of the Superior Court Rules of Criminal Procedure. Rule 35 permits the Superior Court to reduce any sentence or to correct a sentence imposed in an illegal manner. Absent a Rule 35 motion, this court will not consider issues involving the legality or propriety of a sentence. *State v. Tessier, supra*. For this reason we dismiss the appeal on this issue without prejudice and with leave to seek

---

**6.** We note, however, that other jurisdictions in considering this identical issue have held that oral–genital contact alone, without penetration, is sufficient to prove the abominable and detestable crime against nature. *Parris v. State*, 43 Ala.App. 351, 190 So.2d 564 (1966); *Carter v. State*, 122 Ga.App. 21, 176 S.E.2d 238 (1970);

*McDonald v. State*, 513 S.W.2d 44 (Tex.Crim. App.1974). In the case before us there is evidence sufficient to establish oral–genital contact between appellant and the complaining witness. We are satisfied that this conduct is sufficient to establish cunnilingus.

relief in the Superior Court within 120 days in accordance with the provisions of Super. R.Crim.P. 35.

The defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the case is remitted to the Superior Court for further proceedings.