STATE

v.

Louis F. FERREIRA.

No. 82–61–C.A.

Supreme Court of Rhode Island.

July 20, 1983.

---

Dennis J. Roberts, II, Atty. Gen., Margaret R. Levy, Sp. Asst. Atty. Gen., for plaintiff.

John B. Reilly, Warwick, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal from a Superior Court conviction wherein a jury found the defendant guilty of attempting to obtain money under false pretenses.

During the years 1977 and 1978, defendant, Louis F. Ferreira, was the owner of two bakeries located in Pawtucket, Rhode Island. One was known as Mary's Bakery and the other was known as Central Avenue Bakery. The defendant obtained two policies of fire insurance for Mary's Bakery. The first policy was with the United States Fidelity and Guaranty Company and it provided $8,000 worth of coverage. The second policy was with the Rhode Island Joint Re-Insurance Association (association). This second policy provided coverage in the amount of $52,000.

On the evening of June 18, 1978, a fire broke out inside Mary's Bakery, causing fire, smoke, and water damage. After this fire, defendant filed a proof-of-loss claim with the association for $42,839. The association assigned defendant's claim to an adjuster who found that many specific items, for which loss was claimed, were falsely represented. As a result of these false representations, defendant was indicted for attempting to obtain money from the association by false pretenses, in violation of G.L. 1956 (1969 Reenactment) §§ 11–41–4, –5, and –6.

This case was tried before a Superior Court justice and a jury from May 11, 1981 until May 19, 1981. The evidence presented indicated that defendant falsely represented his losses concerning the following items: a large machine called a "Moline Dough Sheeter"; an oven; an air conditioner;

large quantities of raw materials; and various other pieces of equipment. Upon this evidence, the jury found defendant guilty of attempting to obtain money by false pretenses from the association policy.

## I

■ The defendant's first two arguments allege that the trial justice erred by admitting certain evidence, namely, the declaration page of the association's policy and certain business records of Kayata Bros., Inc. (Kayata), a supplier of baking products for defendant. In light of our recent adoption of Rule 803(6) of the Federal Rules of Evidence in *State v. Acquisto,* No. 82–2–C.A., 463 A.2d 122 (R.I.1983), we must decide whether or not the records referred to meet the requirements of that rule.

Rule 803(6) of the Federal Rules of Evidence provides as follows:

"Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

The defendant maintains that the state did not lay a proper foundation for the introduction of the insurance face sheet and for the introduction of the business records of Kayata. We disagree.

With respect to the business records of Kayata, we are of the opinion that Kayata's attorney was a "qualified witness" within the meaning of the rule. Our conclusion is supported by the testimony elicited. Specifically, Kayata's attorney testified that he was the supervisor of the records at Kayata; that he had actual physical custody and control over the particular records since the fire; and that he was more closely associated with the company's business than an attorney would normally be because of his close relationship with Mr. Kayata. Further support can be gleaned from federal caselaw on this matter. *Ford Motor Co. v. Auto Supply Co.,* 661 F.2d 1171, 1175–76 (8th Cir.1981); *United States v. Grossman,* 614 F.2d 295, 297 (1st Cir.1980) (held that foundation requirement may be satisfied by anyone who is familiar with the manner in which the record was prepared, used, and issued); *Peter Eckrich and Sons, Inc. v. Selected Meat Co.,* 512 F.2d 1158, 1159 (7th Cir.1975) (held that testimony of supervisor of records is sufficient as a foundation).

■ The defendant also asserts that the testimony of Richard Sneeden, the claims manager for the association, was not sufficient as a foundation for the introduction of the policy face sheet. Sneeden testified that his duties included overall supervision of the claims department for the Fair Plan as well as supervision of independent adjusters who handle the losses. In light of this testimony, we conclude that Sneeden was sufficiently familiar with the circumstances in which the face sheet was stored and retrieved to be able to say that the face sheet is what it purports to be and that it was prepared in the ordinary course of business. Accordingly, we decide that Sneeden was a "qualified witness" as that term is used in Rule 803(6) of the Federal Rules of Evidence.

## II

The defendant next asserts that the trial justice erred by refusing his requested jury instruction that an accused cannot be guilty of an attempt to commit an act which would not have constituted a crime if it had

been accomplished. It is urged by defendant that the evidence could have been interpreted to show that the association might not have been liable for the full amount which defendant claimed as a loss. Thus, the crime of obtaining money that was not due him would not have been accomplished. In sum, defendant argues that the jury should have been permitted to find that he was not guilty of attempting an act that might not be criminal.

In *State v. Latraverse,* R.I., 443 A.2d 890, 893 (1982), we recently adopted § 5.01 of the American Law Institute's Model Penal Code (Proposed Official Draft 1962) (the code), which reads in part as follows:

"Criminal Attempt.

"(1) Definition of Attempt. A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:

(a) purposely engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

(b) when causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing or with the belief that it will cause such result without further conduct on his part; or

(c) purposely does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

We also stated in *Latraverse* that

"the intent of the drafters [of the code] was to extend criminal responsibility for attempted criminal behavior by rejecting the defense of impossibility, including the distinction between so-called factual and legal impossibility, and by drawing the line between attempt and noncriminal

preparation further away from the final act so as to make the crime essentially one of criminal purpose implemented by an overt act strongly corroborative of such purpose." 443 A.2d at 894.

■ In the present case defendant puts forth an imaginative argument based on legal impossibility. Assuming arguendo[1] that the act in question was legally impossible, we have stated in *Latraverse* that any type of impossibility argument, legal or factual, is not a defense to a criminal-attempt charge. Therefore, we hold that the trial judge did not err when he refused to instruct the jury that a defendant cannot be found guilty of an attempt to commit an act which would not have been a crime if it had been accomplished.

### III

The defendant also argues that the trial justice erred when he allowed the indictment to be amended. The indictment originally charged defendant with attempting to obtain by false pretenses $42,839. It was then amended to read, "did attempt to obtain and steal money being of a value over $500." On appeal, defendant claims that this amendment should not have been allowed because it is prejudicial.

■ Generally, this court has held that an indictment cannot be amended without a defendant's consent unless the amendment is nonprejudicial. *State v. Donato,* R.I., 414 A.2d 797, 802 (1980). We have further stated that the inclusion of wording that amounts to surplusage is not prejudicial. *State v. McParlin,* R.I., 422 A.2d 742 (1980). In *McParlin* we defined surplusage as wording which could be deleted from an indictment while still apprising defendant of the offense with which he is charged. 422 A.2d at 744.

■ In the present case we are of the opinion that the inclusion of $42,839 in the

---

1. We agree with the state when it states that the "defendant did everything necessary to accomplish a criminal result; what action the [association] might finally have taken in dis-

bursing funds has no bearing on defendant's unmistakable conduct in furtherance of obtaining money through false pretenses."

original indictment was surplusage. The amended indictment still informs defendant of the offense with which he is charged, namely, attempting to obtain money over $500 by false pretenses. The indictment goes on to state the manner[2] in which defendant committed the attempt and it states the specific statutes he was alleged to have violated. Certainly this is enough information to prepare a defense. Accordingly, we hold that the trial justice did not err by allowing the state to amend the indictment without the consent of defendant.

### IV

█ At the close of the trial, defendant made a motion to dismiss the indictment which the trial justice denied. The defendant based this motion on his alleged misunderstanding of a phrase in the indictment. He claims that the language "did attempt to obtain and steal money", denotes that he is being charged with both the attempt and the substantive crime. We agree with the state that this interpretation is at best, tortured. In any event, were defendant truly confused about the crimes for which he was being charged, he had the right and opportunity to file for a bill of particulars pursuant to Rule 7(f) of the Superior Court Rules of Criminal Procedure. Therefore, we find that the trial justice did not err by denying defendant's motion to dismiss the indictment.

### V

█ The defendant's final contention is that the trial justice committed error by denying his motion for a judgment of acquittal at the conclusion of all the evidence. On a motion for judgment of acquittal, the trial justice is required to view the evidence in the light most favorable to the state, giving full credibility to the state's witnesses and drawing every reasonable inference consistent with guilt. *State v. Ahmadjian,* R.I., 438 A.2d 1070, 1084 (1981). After performing these functions, if the trial justice

is convinced that there is sufficient evidence to submit the case to the jury, he or she must deny the motion for judgment of acquittal. *Id.*

█ After a review of the record, we conclude that the trial justice properly denied the motion for judgment of acquittal. The proof-of-loss claim submitted to the association evidenced the defendant's intent to obtain money over $500. The intent to defraud was shown through the false sales slip for the dough sheeter, which was actually loaned to defendant. The defendant also claimed damage to an air-conditioning unit that was located in an area unaffected by the fire. There was also ample evidence showing that the defendant reported as lost a substantial number of items found to be nonexistent. From this testimony we decide that there was sufficient evidence for the trial justice to conclude that the case should be sent to the jury. Hence, we hold that the trial justice did not err in denying the defendant's motion for acquittal.

For the reasons stated, the defendant's appeal is denied. The conviction appealed from is affirmed. The papers in this case are remanded to the Superior Court.

█

---

**2.** The indictment states that defendant committed the attempt by filing false documents.