## STATE

v.

### George J. BAPTISTA.

No. 93-1-C.A.

Supreme Court of Rhode Island.

Nov. 1, 1993.

Jeffrey Pine, Atty. Gen., Annie Goldberg, Aaron Weisman, Asst. Attys. Gen., for plaintiff.

William Burke, Pawtucket, for defendant.

## OPINION

MURRAY, Justice.

■ This is a direct appeal by the defendant, George J. Baptista, from his sentence of three consecutive life terms for first-degree child molestation. The Superior Court justice imposed the sentence after the defendant entered guilty pleas to two counts of first-degree child molestation and *Alford* pleas [1] to two other counts of first-degree child molestation. The facts pertinent to this appeal are as follows.

On April 2, 1991, the Pawtucket police department arrested defendant and charged him with three counts of first-degree child molestation. The defendant was arraigned and released on bail and subsequently was arraigned on further charges of child molestation on April 20, 1991. The court ordered defendant held without bail. The defen-

dant's prior police record reflected one arrest in 1975 for creating a false fire alarm.

On September 13, 1991, the Rhode Island grand jury returned a seven-count indictment against defendant. The defendant was held without bail until the trial date on July 20, 1992. On the trial date defendant entered into a plea arrangement in which the Attorney General agreed to dismiss three counts of second-degree child molestation in return for defendant's guilty and *Alford* pleas to the remaining four counts. At the sentence hearing on September 16, 1992, the state's attorney said that he was constrained to recommend a thirty-year sentence because of discussions with defendant during the plea arrangement. After confirming that defendant had made an open-ended plea to each count, the trial justice announced the sentence of three consecutive life terms. On September 28, 1992, defendant filed a direct appeal of the sentence to this court.

■ On appeal defendant argues that his sentence is excessive and disproportionate to other sentences generally imposed for similar offenses. The state responds that defendant must first seek trial court review of the sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. The state further argues that defendant's sentence is permissible because it is within the statutory sentence range and is appropriate punishment for defendant's offenses. Because we hold that defendant must first seek review of his sentence pursuant to Rule 35, we do not reach the merits of defendant's arguments with respect to the allegedly excessive and disproportionate sentence.

Rule 35 governs motions for the correction, decrease, or increase in sentences. Rule 35 provides, in pertinent part, that "[t]he court may correct a sentence imposed in an illegal manner and it may reduce any sentence * * * within one hundred twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judg-

1. The *Alford* plea enables a trial justice to accept a defendant's guilty plea even though the defendant maintains his or her innocence as long as the state presents a factual basis for the plea

other than the defendant's own admission. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

ment or dismissal of the appeal." The Legislature intended the provision permitting reduction of a valid sentence to provide the Superior Court an opportunity to exercise leniency if the court determines that the sentence imposed was unduly severe or a shorter sentence is desirable. *Cf.* Super. R.Crim. P. 35 (Reporter's Notes) (discussing legislative intent).

It is well settled that a Rule 35 motion determination is a prerequisite to an appeal to this court as to the propriety of a sentence. *See State v. Tiernan,* 605 A.2d 1328, 1329 (R.I.1992); *State v. Trepanier,* 600 A.2d 1311, 1315 (R.I.1991); *State v. Lee,* 502 A.2d 332, 334–36 (R.I.1985); *State v. Bucci,* 430 A.2d 746, 749 (R.I.1981); *State v. McParlin,* 422 A.2d 742, 745 (R.I.1980); *State v. Feng,* 421 A.2d 1258, 1273–74 (R.I.1980); *State v. Ware,* 418 A.2d 1, 2 (R.I.1980); *State v. Tessier,* 115 R.I. 372, 374, 346 A.2d 121, 122–23 (1975). This court has unequivocally held that the appropriate procedure for challenging the propriety of a sentence is to seek revision of the sentence in Superior Court pursuant to Rule 35. *See, e.g., State v. Lee,* 502 A.2d at 335; *State v. Bucci,* 430 A.2d at 749; *State v. McParlin,* 422 A.2d at 745. Only after the Superior Court has made a determination concerning the Rule 35 motion will this court consider issues involving a sentence's propriety or legality. *State v. Lee,* 502 A.2d at 335; *State v. Bucci,* 430 A.2d at 749; *State v. McParlin,* 422 A.2d at 745.

The defendant's failure to obtain a Rule 35 motion determination precludes this court's consideration of the defendant's challenge to his sentence. Although the defendant appeals from his sentence and not from his conviction, we hold that the statutory 120–day period in which to seek Superior Court review of the sentence does not commence until the Superior Court receives this court's mandate concerning this appeal.

We deny the defendant's appeal without prejudice, granting leave to seek relief in the Superior Court within the 120 days provided under Rule 35.

FAY, C.J., did not participate.