**STATE**

v.

**Edward J. BEAULIEU.**

**No. 95–430–C.A.**

Supreme Court of Rhode Island.

April 15, 1996.

Annie Goldberg, Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

Paula Lynch Hardiman, Asst. Public Defender, Paula Rosin, Asst. Public Defender, for Defendant.

**OPINION**

PER CURIAM.

This case came before this Supreme Court pursuant to an order directing both the state and the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised will be summarily decided at this time.

The defendant, Edward J. Beaulieu, appeals from a judgment of conviction entered on February 13, 1995, following guilty verdicts by a jury on one count of first-degree sexual assault upon a minor and two counts of second-degree sexual assault upon a minor. The three charges involved sexual assaults by the defendant committed upon his stepdaughter in 1981 when she was seven years of age. The explanation for the ostensibly late trial (G.L.1956 § 11–37–11.2) on the charges is that the defendant failed to appear

for his originally scheduled trial and was missing until 1994 when he was found and arrested in Florida on a fugitive warrant.

In his appeal the defendant argues that we should set aside his conviction on the first-degree sexual assault charge involving the act of cunnilingus. He bases that argument upon his contention that the trial justice had, prior to trial, granted his pretrial motion in limine to prevent the state from presenting any evidence of "penetration" of the victim. At argument at the show cause hearing, the defendant's appellate counsel alleged a pretrial stipulation between the prosecutor and defense counsel to the effect that the victim would not testify to any digital or penile penetration by the defendant, only that there was "some licking of the vagina" by the defendant. We have read the transcript and disagree with defendant's version of the so-called stipulation-between-counsel contention, as well as his interpretation of the ruling made by the trial justice on his motion in limine.

The trial record reveals that the trial justice, in passing upon the defendant's motion in limine, stated that in his opinion "the touching by a mouth to female vagina is in and of itself cunnilingus, which is and of itself is prohibited under the statute." The prosecutor then told the trial justice and defense counsel that the state was not alleging any penile or digital penetration and would limit its proof to the defendant's "licking of the victim's vagina." At that point the trial justice granted defendant's motion *"as modified."* (Emphasis added.)

We need not, and do not, however, reach defendant's stipulation and motion-in-limine contentions for purposes of our review. We find in the trial record more than sufficient evidence, outside the alleged stipulation, that supports the jury's verdict and the defendant's conviction. G.L.1956 § 11-37-1(8) does not require *actual penetration,* only sexual penetration. *State v. Cembrola,* 469 A.2d 362, 366 (R.I.1983).

The young victim in this case testified that the defendant had "licked her vagina." If that act occurred, that was cunnilingus, which does not require penetration. Cunnilingus is medically defined as "sexual stimulation by licking or kissing the vulva or clitoris; a type of oral genital sexual activity." *Stedman's Medical Dictionary* 345 (5th Unabridged Lawyers' Ed.1982). The "vulva" is defined as the covering "of the external genitalia of the female." *Id.* at 1571. All that is required to establish the first-degree sexual offense of cunnilingus is that the cunnilinguist lick or kiss the female genitalia, and penetration of the vagina is not necessary. *State v. Cassey,* 543 A.2d 670, 679 (R.I.1988).

From both the statutory and the medical anatomy viewpoint, the act of cunnilingus, which requires the male tongue to reach the female vagina, assumes the necessary penetration or intrusion into the female genitalia. *State v. Cassey,* 543 A.2d 670 (R.I.1988). Cunnilingus does not require actual vaginal penetration. *State v. Cembrola,* 469 A.2d 362 (R.I.1983). As regards the trial justice's instructions to the jury regarding the act of cunnilingus and its relationship to first-degree sexual assault, we find no error therein.

For all the above reasons, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, C.J., and MURRAY, LEDERBERG and BOURCIER, JJ., concur.

FLANDERS and SHEA, JJ., not participating.