325 A.2d 540.

STATE *vs.* RALPH J. CASALA.

OCTOBER 1, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is an indictment charging the defendant, Ralph J. Casala, with perjury in violation of G. L. 1956 (1969 Reenactment) §11-33-1. The defendant was tried to a jury in the Superior Court, found guilty, and sentenced to a term of three years. The defendant is now prosecuting a bill of exceptions to this court.

It appears from the record that on March 24, 1970, a hearing was held on motions for new trial in the cases of *State* v. *Rossilli* and *State* v. *Marmo, appeals docketed,* C.A. Nos. 68-602 and 68-603 (Super. Ct., June 12, 1968). In seeking a new trial, counsel for Marmo and Rossilli contended that one of the female members of the petit jury knew one of the state's witnesses, and her failure to disclose that fact denied the defendants a fair trial. At that hearing defendant testified that at the trial of Marmo and Rossilli on March 2, 1970, he observed one of the state's witnesses, an East Providence police officer, engaging in a conversation with the juror. This conversation allegedly took place in a corridor outside the courtroom during a midmorning recess before the impaneling of the jury had been completed. Later, on January 26, 1971,

defendant, testifying at his perjury trial, repeated the testimony that he had given at the hearing on the motions for a new trial for Rossilli and Marmo on March 24, 1970.

The police witness and the female juror, testifying for the state at the perjury trial of defendant, stated that they had no conversation of any kind on March 2, 1970, thus contradicting the testimony of defendant at the hearing on the motions for a new trial. Similarly, the deputy sheriff who had escorted the panel of jurors to Judge Orme's courtroom on the morning of March 2, 1970, testified that he had not observed any conversation between the juror in question and the police witness at that time. Further, the court stenographer at the motion hearing testified at the perjury trial that there was nothing in her notes to indicate that a midmorning recess had been held as was testified to by defendant.

The defendant contends primarily that the state did not meet the standard of proof required to warrant a conviction for perjury. He rests this argument on the contention that the "two witnesses" rule is in effect in this state. That rule requires two witnesses (or one witness and accompanying corroborating circumstances) to testify to falsity in order to sustain a perjury conviction. The "two witnesses" rule has been legislatively abrogated in this state;[1] circumstantial evidence without regard to the num-

---

[1]"False swearing under oath required by law.—Every person of whom an oath or affirmation is or shall be required by law, who shall wilfully swear or affirm falsely in regard to any matter or thing respecting which such oath or affirmation is or shall be required, shall be deemed guilty of perjury." G. L. 1956 (1969 Reenactment) §11-33-1.
* * *

"Manner of proof.—In the trial of any complaint or indictment charging any offense under this chapter, the guilt of the accused may be established by circumstantial evidence without regard to the number of witnesses who may testify against the defendant." G. L. 1956 (1969 Reenactment) §11-33-5.

ber of prosecution witnesses is sufficient to support a conviction. Since the state presented evidence to prove that defendant's sworn statement was false, this standard has been met.

The defendant also contends that, to sustain a charge of perjury, the alleged unlawful testimony must have been made in reference to a matter that is material in the action in which the false testimony is alleged to have been given. We have held that under our perjury statutes it is unnecessary to show that the false statement was on a material issue. In *State* v. *Miller*, 26 R. I. 282, 285, 58 A. 882, 883 (1904), we said that the language of the statute is broad and comprehensive "* * * and clearly indicates the intent of the legislature to enlarge the scope of the crime of perjury, as it exists at common law, and to make any willfully false swearing in judicial proceedings perjury, regardless of the question of its materiality to the issue; that is, in effect, to make it a statutory offence."

The defendant further contends that the state has adduced no evidence that would support a finding that the alleged false statement was given willfully, corruptly, and with knowledge of its falsity. However, under our statute, §11-33-1, which establishes the crime of perjury, it is provided that a perjurer must be one "who shall wilfully swear or affirm falsely." The defendant, as we understand him, is arguing that there must be direct evidence that a person willfully perjured himself before he can be convicted of that crime. With this argument we do not agree.

Our attention has been directed to no case in this state in which that issue has been considered and decided by us. The Commonwealth of Massachusetts, however, has a perjury statute comparable to ours; the Supreme Judicial Court in responding to a challenge similar to Casala's held that: "The defendant incorrectly contends that there

must be direct proof that he knew that his testimony was false. Knowledge may be inferred by the trier of the fact from circumstantial evidence, which reasonably tends to show that knowledge existed." *Commonwealth* v. *Giles,* 350 Mass. 102, 112, 213 N.E.2d 476, 484 (1966). The Massachusetts court appears to hold that knowledge may be inferred from the falsity of the statement and particularly where the facts indicate that the defendant had opportunity to have knowledge. In our opinion, the decision in *Giles* is sound. The knowledge or intent with which a person acts is usually not susceptible of proof by direct evidence, but generally proof of such knowledge or intent can be derived through reasonable inferences that may be drawn from the facts and circumstances developed at the trial.

The defendant next contends that the state failed to properly prove that he had taken an oath at the hearing where he allegedly perjured himself. Pleading and proving that defendant swore an oath is an essential element in prosecution of the crime. We find the state's evidence presented in support of this element proper and sufficient to warrant a finding of fact. The assistant clerk at the motion hearing testified at trial that defendant was a witness at the hearing. While the clerk testified that he did not specifically recall administering the oath to defendant, he did also testify that it was his usual practice to do so. In addition to this testimony, the record shows that defendant was sworn prior to his testimony.

A second Massachusetts case may be cited. *Commonwealth* v. *Kimball,* 108 Mass. 473, 475-76 (1871), involved a similar situation. There the court held that mere want of recollection by the clerk would not defeat the presumption that legal proceedings are conducted legally. We find the clerk's testimony admissible as a basis for the presumption that legal proceedings were conducted legally.

Hence, the evidence was sufficient and proper to support a finding that Casala took an oath.

In reviewing the trial justice's denial of defendant's motion for a directed verdict, we have concluded that the trial justice committed no error. An examination of the record in this case has revealed that the state put forward evidence supporting all of the necessary elements of the crime of perjury as set out in §11-33-1. We have said many times in the past that a trial justice's duty on a motion for a directed verdict is to review the evidence and reasonable inferences flowing therefrom in the light most favorable to the state. The trial justice does not weigh the evidence or pass on the credibility of the witnesses. *State* v. *Amado*, 109 R. I. 53, 280 A.2d 324 (1971); *State* v. *Contreras*, 105 R. I. 523, 253 A.2d 612 (1969). We find no deviation from this standard in this case.

The defendant also contends that the trial justice erred when he refused to charge the jury with defendant's requested instructions. In the case of *State* v. *Lisi*, 105 R. I. 516, 253 A.2d 239 (1969), we held that where a defendant's requested instructions were adequately covered by the court's instructions, the court's refusal to give the requested instructions was not error. We conclude that the trial justice's instructions do not materially differ from defendant's requested instructions; therefore, defendant's challenge fails on this point.

The defendant's last allegation of error charges that the trial justice committed error in his charge to the jury. The defendant contends that the trial justice usurped the function of the jurors when he charged them that every person appearing in a Superior Court proceeding is required to take an oath. However, we have said in the past that the challenged portion of a trial justice's instructions may not be read in isolation but must be considered within the context of the entire charge. *State* v. *Contreras*,

696

*supra.* The standard this court follows in ascertaining whether or not a challenged instruction invades the province of the jury is to determine how such an instruction would have been understood by an ordinarily intelligent lay person sitting with a jury when the instruction was delivered by the court. *State* v. *Bruyere,* 110 R. I. 426, 428, 293 A.2d 311, 312-13 (1972); *State* v. *Goff,* 107 R. I. 331, 339, 267 A.2d 686, 690 (1970). The trial justice did not invade the province of the jurors; the justice in the present case merely recited the evidence. He did not charge, nor could the ordinarily intelligent lay person have understood him to have charged, that the jury must find that this particular defendant did in fact take the oath.

All of the defendant's exceptions are overruled, and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Edward E. Dillon, Jr.,* Special Asst. Attorney General, for plaintiff.

*Bevilacqua & Cicilline, Anthony S. DelGiudice,* for defendant.