390 A.2d 915.

STATE *v.* HARRY SHARBUNO, JR.

AUGUST 16, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Kelleher, J.    In June 1975 the Kent County grand jury returned a five-count indictment which charged the defendant, Harry Sharbuno, Jr., with a variety of drug-related offenses. Count I, which charged him and a second defendant with conspiracy to distribute a controlled substance to a juvenile in violation of G.L. 1956 (1968 Reenactment) §21-28-4.08, was severed and tried first; the defendant's motion for a judgment of acquittal on that charge was granted. Two of the remaining four counts charged the defendant with possession of a controlled substance on two occasions in violation of G.L. 1956 (1968 Reenactment) §21-28-4.01(C)(1)(a), while the remaining counts charged him with the delivery on two different occasions of a controlled substance, once to an undercover police officer in violation of G.L. 1956 (1968 Reenactment) §21-28-4.01(A)(2)(a) and later to a juvenile at least 3 years younger than himself in violation of G.L. 1956 (1968 Reenactment) §21-28-4.07(A).

Pursuant to Super. R. Crim. P. 14, defendant made a timely motion for a severance of the counts relating to each transaction from those based upon the other. However, the trial justice, after reasoning that all four counts involved "offenses * * * of the same or similar character" within the meaning of Rule 8 and could, therefore, be charged in a

single indictment and tried together under Rule 14, denied the motion. At the joint trial defendant was convicted of all four counts.

On appeal defendant raises several issues. First, he argues that the trial justice's denial of his motion to sever was reversible error because joint trial of the counts based upon two separate drug transactions so prejudiced him that he was deprived of his constitutional right to a fair trial.

Severance is not a matter of right, but is within the sound discretion of the trial justice. *State* v. *Mastracchio*, 112 R.I. 487, 312 A.2d 190 (1973); *State* v. *Patriarca*, 112 R.I. 14, 308 A.2d 300 (1973). The denial of such a motion does not constitute a ground for reversal unless there has been clear abuse of discretion. *Id.* In *State* v. *Patriarca* we set forth the generally accepted view in both the federal and state courts that denial of a motion for a severance will not be reversed unless it is affirmatively shown that the defendant did, in fact, suffer prejudice sufficiently substantial to impinge upon his right to a fair trial.

> "Real prejudice is something more than mere disadvantage, but generally it will be found when the court determines that there is a real doubt about how the trial irregularity may have affected the jury." *State* v. *Patriarca*, 112 R.I. at 29-30, 308 A.2d at 311.

Here, defendant seeks to satisfy his burden of persuasion in the following manner. He urges that the charge of delivering a controlled substance to a 13-year-old juvenile undeniably had an emotional impact upon the jury, and in support of that contention cites statements by the sentencing justice that indicate its emotional impact upon him. The defendant also alleges that he was prejudiced by the order in which the prosecution presented its witnesses because testimony relating to one transaction was alternated with testimony relating to the other. Finally, he claims that the joinder hindered him in presenting his defenses because his defense to the counts involving the sale to the undercover agent was misidentifica-

tion, while his defense to the remaining counts was to attack the credibility of the juvenile.

We concede the likelihood that a charge of delivering a controlled substance to a 13-year-old might have an emotional impact on the jury, but in light of the overwhelming evidence of the defendant's guilt we must reject his allegations of prejudice.

The evidence introduced at trial was straightforward and the issues presented were simple and distinct. Two of the four counts (possession of a controlled substance and delivery of a controlled substance to an undercover police officer) related to a May 1975 incident. One of two undercover police officers testified that they purchased five "hits" of "THC"[1] from defendant at a West Warwick bar on May 2, 1975. Although defendant attempted to raise a defense of misidentification, both officers positively identified defendant as the seller. The remaining counts (possession of a controlled substance and delivery of a controlled substance to a juvenile) arose out of an incident 30 days later, in June 1975. Proof of these counts was supplied by the testimony of the teenager who testified, under a grant of immunity, that he purchased 10 "hits" of "THC"[2] from defendant at defendant's house in Warwick, Rhode Island. The defendant's defense to all four counts was voluntary intoxication.[3] The defendant testified that he was "all drugged up" throughout this period of time and consequently did not remember either transaction. In his charge to the jury the trial justice emphasized that in assessing the juvenile's credibility the jury could take into consideration the fact that he had been given immunity by the prosecution. Thereafter, the jury returned a verdict of guilty as to all four counts.

---

[1]The state toxicologist testified that THC stands for tetrahydrocannabinol, an active ingredient in marijuana. The THC purchased from the defendant turned out to be phencyclidine, a controlled substance. G.L. 1956 (1968 Reenactment) §21-28-2.08.

[2]This THC also turned out to be phencyclidine.

[3]*See State* v. *Reposa*, 99 R.I. 147, 206 A.2d 213 (1965).

We agree with defendant's contention that the charge of selling drugs to a minor can offer a great potential for prejudice when it is tried simultaneously with other counts. However, in light of the overwhelming evidence of defendant's guilt, we do not believe that defendant suffered any "real prejudice" in this case. *State* v. *Scott*, 114 R.I. 132, 330 A.2d 66 (1974); *State* v. *Mastracchio*, 112 R.I. 487, 312 A.2d 190 (1973); *State* v. *Patriarca*, 112 R.I. 14, 29, 308 A.2d 300, 311 (1973). While defendant may have suffered some disadvantage in defending the four counts simultaneously, there is not doubt in our minds that the outcome would have been the same had separate trials been held. We conclude, therefore, that the denial of defendant's motion to sever did not fundamentally prejudice his right to a fair trial.

In his second argument defendant asserts that the maximum penalty of life imprisonment for delivering a controlled substance to a juvenile more than 3 years younger than the seller, as provided in G.L. 1956 (1968 Reenactment) §21-28-4.07(A),[4] constitutes cruel and unusual punishment in violation of the eighth amendment to the Federal Constitution and art. 1, §8, of our state Constitution.

However, defendant can challenge only the statute as applied to him — the sentence he received — not the statute on its face, as it might at some future date be applied to others, because, except in first amendment cases, one to whom a statute may be constitutionally applied lacks standing to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in hypothetical situations not before the court. *Broadrick* v. *Oklahoma*, 413 U.S. 601, 610, 93 S. Ct. 2908, 2915, 37 L. Ed. 2d 830, 839 (1973); *State* v. *Levitt*, 118 R.I. 32, 38, 371 A.2d 596, 599 (1977). We, therefore, need not decide

---

[4]Section 21-28-4.07(A) reads as follows:

"Any person eighteen (18) years of age or over who violates §21-28-4.01(A) by distributing a controlled substance, excluding marijuana, listed in schedules I and II to a person under eighteen (18) years of age who is at least three (3) years his junior may be imprisoned to a term up to life."

whether the life-sentence proviso of §21-28-4.07(A) violates the prohibition against cruel and unusual punishment because defendant does not contend that the sentences[5] he received were cruel and unusual.

In the same vein we shall also defer consideration of defendant's third contention that the requirement in §21-28-4.07(A) that the juvenile victim be at least 3 years younger than the offender is irrational and violative of the equal protection clause of both the Federal and state Constitutions. The defendant claims that the statute completely excludes the juveniles within the 15- to 18-year old age group from the protection of the statute's sanction against an 18-year-old dealer. When defendant allegedly violated the statute, he was over 18, and he concedes that the distinction between drug trafficking between adults and between an adult and a juvenile is rational. He thereby concedes the constitutionality of the statute as applied to him. Consequently, we will forego any further discussion of defendant's equal protection challenge.

The defendant's fourth contention is that the trial justice erred when he allowed the prosecutor to ask a series of questions relating to a second encounter between defendant and the juvenile witness. During his direct testimony defendant insisted the he could not remember selling any drugs to a 13-year-old on June 2, 1975, because through the months of May, June and early July 1975 he was "always high." According to defendant, he could not recall the seventh-grade teenager ever being in his home. However, during cross-examination defendant conceded that on July 2, 1975, the day he was arrested, the teenager had gone to defendant's home and given him $120. When asked to explain the "why"

---

[5]Sentencing was deferred on the possession charges. However, the trial justice imposed prison sentences on the delivery charges that totalled 20 years. Fifteen of the 20 years were to be served, with execution of the remaining 5 years suspended. After his release from prison, defendant is to be placed on probation for 5 years. If he violates the terms of his probation anytime during the 5-year period, he runs the risk that the stay of execution of the last 5 years of his sentence will be removed.

of this gift, defendant replied: "I don't know how it came about. I just seen money. I could use it so I took it." At this point defendant's trial counsel objected on the basis that the prosecution was bringing in evidence of the first-count conspiracy charge which had previously been dismissed. The trial justice disagreed. He believed that evidence indicating that defendant could remember seeing the juvenile during a period when he was allegedly "high" was relevant impeaching testimony, and so do we.

There is not a hint of the conspiracy charge in this line of testimony. After testifying about his drug-induced memory lapse concerning events in the late spring and early summer of 1975, defendant on cross-examination acknowledged that on the day of his arrest he remembered receiving $120 from the juvenile. This testimony was relevant, and in no way was the jury ever informed that the $120 was somehow involved in the aborted conspiracy charge. The admissibility of evidence regarding the extent of defendant's loss of memory between the time of the first sale to the undercover agent and his arrest was a matter addressed to the trial justice's discretion, and we see no abuse of that discretion. *See State* v. *Rezendes*, 111 R.I. 169, 300 A.2d 472 (1973).

The defendant next argues that the trial justice erred in denying his motion to dismiss Counts II and IV, which charged him with possession of a controlled substance, because possession is a lesser included offense within the delivery charges of Counts III and V. He premises this contention upon the double jeopardy clauses of the state and Federal Constitutions.

By the terms of Super. R. Crim. P. 12(b)(2), the defense of double jeopardy is considered to be waived by a defendant unless he raises the issue by appropriate pretrial motion. Relief may, however, be granted from the waiver by the trial court upon the defendant's showing cause why he should be permitted to present the defense after the pretrial stage. Thus, in *Thornley* v. *Mullen*, 115 R.I. 505, 349 A.2d 158 (1975), we held that under 12(b)(2) a defendant was entitled

to assert a double jeopardy defense on appeal where there had been a change in the law subsequent to the defendant's trial.

A review of the record in this case reveals that defendant first raised the double jeopardy issue at the time of sentencing, 3 months after the jury verdict. Under Rule 12(b)(2) defendant's failure to raise the defense by pretrial motion constituted a waiver thereof. In order to avoid this waiver, the burden was on defendant to show cause why relief should be granted notwithstanding the untimely assertion of the defense. This determination was vested in the sound discretion of the trial justice. *State* v. *Grullon,* 117 R.I. 682, 371 A.2d 265 (1977). Although the trial justice obviously rejected defendant's double jeopardy plea, the record does not indicate whether he did so because the plea was untimely, or, after exercising his discretion to waive the procedural deficiency, because he was unpersuaded on the merits. In fact, the record is silent regarding whether this pretrial waiver issue was ever presented to the trial justice. Consequently, in the light of this evidentiary gap, we shall not consider defendant's double jeopardy contention.

Finally, the defendant takes issue with the trial justice's refusal to instruct the jury that "[o]ne of the burdens of proof in this case is for the prosecution to demonstrate beyond reasonable doubt that the alleged drug is, in fact, the actual drug delivered. If you find that there is a reasonable doubt as to the identity of the drug in issue, you must find the defendant not guilty." However, we believe that the charge as given adequately conveyed to the jury that its duty to find every element of each crime proven beyond a reasonable doubt before returning a verdict of guilty. This necessarily included a finding that the substance delivered to the juvenile and to the undercover police officers was the controlled substance specified in the indictment. Where requested instructions were adequately covered by the instructions given to the

jury, refusal to give the requested instructions is not error. *State* v. *Casala*, 113 R.I. 690, 325 A.2d 540 (1974).

The defendant's appeal is denied and dismissed, the judgments of conviction appealed from are affirmed, and the case is remanded to the Superior Court.

*Julius C. Michaelson*, Attorney General, *E. Martin Stutchfield*, Special Assistant Attorney General, *Joquetta S. Wells*, Legal Research, for plaintiff.

*William F. Reilly*, Public Defender, *Bruce G. Pollock*, Assistant Public Defender, for defendant.