STATE

v.

**James J. WHITMAN.**

No. 80–67–C.A.

Supreme Court of Rhode Island.

July 7, 1981.

---

Dennis J. Roberts II, Atty. Gen., T. W. Travis, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Marvin C. Clemons, Asst. Public Defender, for defendant.

## OPINION

SHEA, Justice.

The defendant James J. Whitman (Whitman), appeals from his conviction after trial by jury in the Superior Court. The criminal information against him charges eight counts of the abominable and detestable crime against nature, in violation of G.L. 1956 (1969 Reenactment) § 11–10–1. The events giving rise to the action against him occurred between August 1976 and the 16th day of September, 1978. Only five of the eight original counts were submitted to the jury. The trial justice ruled that three of them had merged with other counts in the information. The jury returned verdicts of guilty on all five counts. On two counts, sentence was deferred; and on each of the three remaining, sentences of fifteen years were imposed, five years suspended on each with ten years to serve. All sentences and a ten-year probationary period run concurrently with one another.

The sole issue before us on this appeal involves the joinder of all counts for trial under Rule 8(a) of the Superior Court Rules of Criminal Procedure. The defendant had made timely motions for severance which were denied. It is our opinion that the trial

justice was correct in his denial of the motions to sever.

Rule 8(a) of Super.R.Crim.P. authorizes the joinder of offenses and sets forth the standards for such joinder.[1] Rule 14 provides relief to a defendant from such a joinder if it is prejudicial to him.[2]

The complaining witnesses were five young men fifteen years old or younger. The defendant claims that the joinder of all charges at trial led to the admission of cumulative evidence of sexual offenses. He asserts that this accumulation substantially prejudiced him because of the likelihood that a finding of guilt would be more easily obtained in this way than if each count had been separately tried. He also claims that the trial could have led to confusion on the part of the jurors because the occurrence of some criminal acts could show his disposition to commit others.

There can be no question that a potential for prejudice to a defendant can arise from admitting at trial evidence of other criminal activity that could tend to show the defendant's propensity to commit the particular crime charged. Usually we exclude such evidence of other crimes as irrelevant and inadmissible. *State v. Jalette*, R.I., 382 A.2d 526, 531 (1978); *State v. Mastracchio*, 112 R.I. 487, 312 A.2d 190 (1973). Generally the state may not present evidence of other criminal acts by the accused unless the evidence is "substantially relevant for some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character." *McCormick's Handbook of the Law of Evidence* § 190 at 447 (2d ed. Cleary 1972). If the evidence of other criminal acts is offered for its relevance on the narrower ground of establishing a defendant's guilty knowledge, intent, motive, design, plan, scheme, system, or the like, or his participation in a felonious scheme such as a conspiracy, it may be introduced. *State v. Delahunt*, R.I., 401 A.2d 1261, 1263 (1979); *State v. Jalette*, R.I., 382 A.2d at 532; *State v. Colangelo*, 55 R.I. 170, 173–74, 179 A. 147, 149 (1935); *and compare State v. McDonald*, 14 R.I. 270, 271 (1883).

In the case before us the evidence established that Whitman engaged in a regular and consistent pattern of activity developing and cultivating his personal relationships with young boys. He sometimes worked as a "disc jockey" at dances at a junior high school which employment provided opportunities for him to meet them. He always obtained the parents' permission for the boys to be with him. He took one complainant on a camping trip. Others accompanied him on trips to Maryland and to Virginia, and two brothers went with defendant to Disney World in Florida. There were excursions to stock-car races, to a van show in Boston, and to wrestling matches. In due course defendant would engage the boys to do chores such as washing his van, cleaning his boat, or helping defendant to transport his stereo equipment home after a dance. By one means or another the victims would end up in defendant's home, usually for an overnight stay. There he would show them sexually suggestive or explicit magazines, photos, and on at least one occasion a motion picture. Thereafter defendant would sexually assault the boys. On overnight visits the boys and defendant would sleep in the same bed. On several occasions twin brothers were placed together in bed with defendant.

In *State v. Jalette*, R.I., 382 A.2d 526 (1978), this court was particularly mindful

---

1. Rule 8(a) of Super.R.Crim.P. provides:
   "Joinder of Offenses And of Defendants.—(a) Joinder of Offenses. Two (2) or more offenses may be charged in the same * * * information * * * in a separate count for each offense, if the offenses charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction, or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan."

2. Rule 14 provides in part:
   "Relief From Prejudicial Joinder—If it appears that a defendant or the State is prejudiced by a joinder of offenses * * * in an * * * information * * * or by such joinder for trial together, the court may order an election or separate trials of counts * * * or provide whatever other relief justice requires."

of the possibility of prejudice arising from the introduction of other criminal acts in the prosecution of sex offense cases. However, it did not foreclose entirely the use of such evidence in this type of case. It was held that such evidence was admissible when it tends to show one of the traditional exceptions and when the exception is quite relevant to proof of the charge. The court further instructed our trial justices to charge a jury with specific reference to the applicable exception or exceptions. *Id.*, 382 A.2d at 533. Finally the court warned that a witness should not be questioned in detail about a defendant's other behavior.

The record is clear that the trial comported in all respects with the dictates of *Jalette*. The testimony of each complainant related solely and exclusively to events which involved him personally. The state made no attempt to explore one youngster's knowledge of defendant's alleged conduct with any other complainant. The conduct that constituted the so-called prejudicial criminal act in relation to each complaining witness was charged in a separate count. The evidence regarding each count charged was simple and clear. The record is plain that the evidence in support of each charge was not likely to have confused the jurors or to have caused them to misuse the evidence in deciding defendant's guilt or innocence on each count. This case, therefore, presents an even stronger situation supporting the reception of the evidence at issue than does the *Colangelo* line, because in that line of cases the other criminal activity was not itself also the subject of the trial.

Before trial, defendant moved for severance of the counts. The motion was argued at length before the trial justice. He was, thereby, fully apprised in advance of the nature of the evidence that the state would present. After the first and second complaining witnesses testified, defendant renewed his motion to sever. Each time, the trial justice denied severance. In his rulings and cautionary instructions to the jury, the judge clearly demonstrated his awareness of the issues and his responsibility to guard against undue prejudice to defendant. The trial justice repeatedly ruled that

severance was not required because all of the counts in the information involved similar acts occurring at about the same time or within an ascertainable time period. He further ruled that the character of the evidence showing a similarity of activity and of conduct made it admissible on the narrow issue of defendant's design, plan, scheme, intent, or guilty knowledge. In cautionary instructions to the jury and in his final charge, the trial justice stated that the jurors should consider the testimony of each witness only as it related to the charge against defendant involving that particular complaining witness and that they should not add everything they heard together to decide Whitman's guilt or innocence of a particular charge. He also instructed them that they could consider the testimony of all of the complaining witnesses on the question of whether or not the testimony established in the jury's opinion a "consciousness of design or plan or scheme" on defendant's part.

*Johnson v. United States*, 356 F.2d 680 (8th Cir. 1966), is directly on point. That case involved a prosecution under the Mann Act for transportation of various women for purposes of prostitution. A five-count indictment charged acts occurring between December 1962 and April 1963. On appeal from judgment of conviction, the defendant raised the denial of his pretrial motion to sever. The court dismissed the appeal stating:

"Under Rule 8(a), Federal Rules of Criminal Procedure, joinder of offenses is ordinarily appropriate where, as here, the specific counts refer to the same type of offenses, occurring over a relatively short period of time, and the evidence as to each count of necessity overlaps. The prime consideration in determining whether or not to grant a severance is the possibility of prejudice to the defendant in conducting his defense. Weighing the danger of confusion and undue cumulative inference is a matter for the trial judge within his sound discretion. His denial of severance is not grounds for reversal unless clear prejudice and abuse

of discretion is shown. There has been no such showing here. It is not enough simply to show that joinder makes it more difficult to defend." *Id.* at 682.

In *United States v. Miller*, 449 F.2d 974 (D.C.Cir.1971), the multicount prosecution involved robberies of separate liquor stores in the District of Columbia. The court held that similarities of fact justified joinder under Rule 8(a):

"Evidence of each of the crimes was relevant to establishing a common scheme and plan that tended to establish the perpetrator of the other crimes and went to the issue of identity. The evidence of each crime was also clearly separable and distinct and not likely to cause confusion or to be misused with respect to the other crimes." *Id.* at 981.

In the case at bar the evidence of the various specific charges did not overlap to any great extent. Each offense was supported by separate and distinct evidence that defendant acted in a manner and under circumstances having marked similarities. This court has held, as the courts did in *Johnson* and *Miller*, that the denial of a motion for severance does not constitute a ground for reversal unless there has been a clear abuse of discretion which results in substantial prejudice to the defendant, and unless it is affirmatively shown that the defendant did in fact suffer prejudice sufficiently substantial to impinge on his right to a fair trial. *State v. Sharbuno*, R.I., 390 A.2d 915 (1978); *State v. Patriarca*, 112 R.I. 14, 308 A.2d 300 (1973). In *Sharbuno* this court conceded the likelihood that the defendant may have suffered some disadvantage in defending four counts simultaneously where one charge of selling drugs to a minor offered great potential for prejudice when it was tried simultaneously with other counts. The court observed, however, that the evidence introduced at trial was straightforward, that the issues presented were simple and distinct and that "in the light of the overwhelming evidence of defendant's guilt," it did not believe "that defendant suffered any 'real prejudice' in this case." *State v. Sharbuno*, R.I., 390 A.2d at 918.

In the final analysis, the granting or denial of a motion for severance is not a matter of right but one within the sound discretion of the trial justice. *Id.*, 390 A.2d at 917. The term "discretion" connotes an action taken in the light of reason as applied to all of the facts and with a view to the rights of all parties to the action while having regard for what is right and equitable under all of the circumstances and the law. *Hartman v. Carter*, R.I., 393 A.2d 1102 (1978); *Strzebinska v. Jary*, 58 R.I. 496, 193 A. 747 (1937). Based on our review of the record before us, we conclude that the trial justice did not abuse his discretion in this case. The defendant has not shown any prejudice resulting to him from the trial of these counts simultaneously. It is not sufficient for the defendant to cite the potential for and the likelihood of prejudice. His burden is to demonstrate substantial prejudice resulting from the joinder. Our conclusion is that no prejudice in fact resulted. The guilty verdicts responded fairly to the very persuasive evidence proving that he was, in fact, guilty of each of the charges against him beyond a reasonable doubt.

Therefore, the defendant's appeal is denied and dismissed, the convictions appealed from are affirmed, and the papers of the case are remanded to the Superior Court.