STATE

v.

Tammy L. RAYMOND.

No. 81–145–C.A.

Supreme Court of Rhode Island.

May 27, 1982.

Dennis J. Roberts II, Atty. Gen., Anthony F. Del Bonis, Sp. Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Providence, for defendant.

OPINION

MURRAY, Justice.

On August 29, 1980, two indictments were returned against the defendant, Tammy L. Raymond, charging her with two counts of robbery and two counts of conspiracy to rob.[1] The indictments were consolidated for trial, after which a Superior Court jury found the defendant guilty of all the counts against her. The case is before us now on the defendant's appeal from the judgment entered on that verdict.

The charges against defendant stemmed from the August 5, 1980 robberies of two Cumberland Farms stores. The first robbery occurred at about 7:15 p. m. at the Cumberland store. At approximately 10 p.m. that same evening, the Lincoln store was also robbed. The clerks at both stores testified that defendant assisted a male companion in the commission of the robberies.

The principal witness against defendant was Charlene Surabian (Charlene), who drove defendant and Rivera to the two stores and, later, to the train station in Providence. Charlene testified that defendant had telephoned her early in the evening of August 5 and suggested that they "go for a few drinks." Charlene agreed to pick up defendant and shortly thereafter drove to the location designated by her.

After Charlene and defendant had driven a short way, defendant saw a man she knew (codefendant Rivera) and asked Charlene if he could come along. Charlene agreed and stopped to take on the additional passenger. Charlene further testified that Rivera showed her a sawed-off rifle and threatened to shoot her if she refused to follow his orders. On his instructions, Charlene drove to the Cumberland and Lincoln stores and waited each time for defendant and

Rivera to return.[2] Charlene's ordeal finally ended after she drove defendant and Rivera to the Providence train station.

The first issue raised by defendant involves the granting of the state's motions to consolidate the two indictments against her. The defendant argues principally that the evidence supporting each indictment, when received separately, was inadequate. However, joinder of the two offenses for trial permitted the jury to supplement the evidence in one case with evidence from the other. The defendant claims that joinder of the charges prejudiced her right to a fair trial and constituted reversible error.

■ The question of joinder of indictments is a matter within the sound discretion of the trial justice, and this court shall not disturb that decision absent a clear abuse. *State v. Cline*, R.I., 405 A.2d 1192, 1210 (1979). In the case before us, the trial justice correctly applied the test of Rule 13 of the Superior Court Rules of Criminal Procedure, which permits joinder of indictments for trial "if the offenses * * * could have been joined in a single indictment * * *." The trial justice found that this was in fact the case with regard to the indictments in question, noting that they were virtually identical with respect to time, defendant, and crimes charged.

■ It is true that under Super.R.Crim.P. 14 a defendant may obtain relief from a Rule 13 joinder if it would prejudice his or her right to a fair trial. However, the defendant in the instant case has failed to demonstrate that she was in fact prejudiced. In *State v. Sharbuno*, 120 R.I. 714, 390 A.2d 915 (1978), we held that a defendant's right to fair trial is not prejudiced by joinder of the charges against him if the outcome would have been the same if sepa-

---

1. Counts 4 and 5 of Ind. 80–1677 charged defendant with robbery and conspiracy to rob in connection with a Cumberland Farms store in Cumberland, Rhode Island. Counts 1 and 2 of Ind. 80–1678 made the same charges against defendant for the robbery at a Cumberland Farms store in Lincoln. The codefendant named in both indictments was Andre Rivera.

Rivera was not apprehended, however, and could not be tried with defendant.

2. When questioned about her failure to escape when left alone in her car, Charlene testified that she feared retribution against herself or her family if she failed to cooperate. Charlene explained that this was also the reason she twice lied to the police about defendant's name.

rate trials had been held. In the case before us, the evidence supporting each indictment was overwhelming, and it is clear that separate trials would not have had a different result. The trial justice in this case properly exercised his discretion in this matter, and his decision will not be disturbed on appeal.

In the second claim of error defendant challenges the manner in which the state exercised its peremptory challenges. The defendant argues that by challenging three young female jurors the prosecutor deprived defendant of her right to be tried by a representative cross section of the community.

■ This claim is flawed in two important respects. The defendant is unquestionably entitled to a jury that is chosen from a fair cross section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). However, the fair-cross-section requirement does *not* mean that the jury actually chosen must reflect this cross section. In *Taylor v. Louisiana*, 419 U.S. at 538, 95 S.Ct. at 702, 42 L.Ed.2d at 703, the United States Supreme Court noted that "[d]efendants are not entitled to a jury of any particular composition * * *."

■ In order for a violation of the fair-cross-section requirement to be proved, a systematic exclusion of an identifiable segment of the community must be demonstrated. *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579, 587 (1979); *Taylor v. Louisiana*, 419 U.S. at 538, 95 S.Ct. at 702, 42 L.Ed.2d at 703; *Swain v. Alabama*, 380 U.S. 202, 226, 85 S.Ct. 824, 839, 13 L.Ed.2d 759, 776 (1965). The jury-selection process as a whole must be shown to have resulted in jury venires in which a particular group is underrepresented. *Du-*

*ren v. Missouri*, 439 U.S. at 366, 99 S.Ct. at 669, 58 L.Ed.2d at 588. It must also be demonstrated that the cause of the underrepresentation is systematic rather than occasional.[3]

■ The defendant in the case before us has clearly failed to make the required showing. She has presented no statistical data upon which to base a finding that there was a systematic exclusion of young women from the jury venire. The Supreme Court opinions cited above clearly indicate that a claim involving the fair-cross-section requirement must fail if unsupported by data beyond the case at hand.[4]

In the final issue before us, defendant claims that the trial justice erred in failing to grant a new trial after the jury heard testimony that the codefendant Rivera had previously robbed one of the Cumberland Farms store clerks.

On direct examination, Diane Ryan, the clerk at the Cumberland Farms store in Cumberland, testified that Rivera "asked [her] if [she] remembered the combination this time." Defense counsel objected, and at the subsequent side-bar colloquy the prosecutor stated that the witness had been instructed to make no further reference to Rivera's two previous robberies of the store. When direct examination resumed, however, Mrs. Ryan again mentioned Rivera's criminal history:

"Q. At the time you gave the individual the money, the male individual, could you tell us why you gave it to him.

"A. Because he had a gun and he had robbed me previously before that."

After this second reference to Rivera's past crimes, the trial justice gave the following instruction to the jury:

3. Such a showing is virtually impossible with respect to the exercise of peremptory challenges in a particular case. *Swain v. Alabama, supra. But see People v. Wheeler*, 22 Cal.3d 258, 583 P.2d 748, 148 Cal.Rptr. 890 (1978); *Commonwealth v. Soares*, 377 Mass. 461, 387 N.E.2d 499 (1979), *cert. denied*, 444 U.S. 881, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979). The rule

of *Wheeler* and *Soares* has not been adopted in Rhode Island.

4. In view of our finding that defendant has failed to establish systematic exclusion, we need not decide the question of whether defendant succeeded in qualifying "young women" as a sufficiently distinctive segment of the community.

"THE COURT: Ladies and gentlemen of the jury, in the course of a trial it's considered improper for the State at any time to introduce any evidence of a different crime that concerns a defendant who is on trial, because a defendant is presumed to be innocent of the crime for which that person is being tried. There has just been mention by this witness that the man she recognized, because he had robbed her before. That has nothing to do with this defendant. There is no evidence that this witness ever saw this defendant before. And whether the man involved was in that store and committed a robbery prior should not be allowed to be injected here as far as your deliberations are concerned concerning the case that's being presented against this defendant."

The defendant contends that these references to Rivera's other crimes gave the jury the impression that she may also have been involved in those incidents. The defendant further asserts that the prejudicial effect of this evidence was not removed by the trial justice's subsequent instruction. We do not agree.

■ We recognize the well established principle that evidence of an accused's prior criminal conduct is, in general, prejudicial and inadmissible. *State v. Colvin*, R.I., 425 A.2d 508 (1981); *State v. Santos*, R.I., 413 A.2d 58 (1980); *State v. Jalette*, 119 R.I. 614, 382 A.2d 526 (1978). In the instant case, however, the rule has no application. Mrs. Ryan's reference to a previous robbery mentioned only Rivera and in no way intimated that the defendant had had any connection with this criminal activity. Furthermore, any remote possibility of prejudice to the defendant was effectively removed by the trial justice in his instruction to the jury.

The defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the case is remanded to the Superior Court.