STATE

v.

Robert E. LEE.

STATE

v.

Robert E. LEE.

Nos. 84–504–C.A., 84–529–M.P.

Supreme Court of Rhode Island.
Dec. 11, 1985.

Arlene Violet, Atty. Gen., Constance Messore, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by the defendant, Robert E. Lee, from convictions in the Superior Court on charges of carrying a firearm during the commission of a crime of violence, assault with intent to rob, two counts of assault with a dangerous weapon, and carrying a pistol without a license.[1] The issues raised by the defendant on appeal evolved from the following set of facts.

On June 4, 1981, defendant attempted to rob a grocery store on Thurbers Avenue in Providence. After defendant announced that he was holding up the store, the proprietor, Arshag "Archie" Derderian, confronted defendant and said, "[Y]ou've got to be kidding." The defendant promptly responded by firing a bullet into Archie's son, Robert. Thereafter, a struggle ensued between Archie and defendant during the course of which defendant shot Archie twice and stabbed him several times with a pair of shears. Eventually, Robert joined the fray, and together with his father they disarmed and subdued defendant. The defendant was taken into custody by the police and transported to the police station, where he confessed to the crime.

At trial the defense intended to present two witnesses, Mr. Carlton Washington and Dr. Erwin Parsons, to testify that, at the time of the holdup, defendant was suffering from post-traumatic-stress disorder (PTSD) or delayed-stress syndrome, a medically recognized psychiatric condition derived from engaging in heavy combat duty in Vietnam. Upon the commencement of trial, defendant's counsel learned that Mr. Washington was not qualified to testify as an expert. Defense counsel promptly moved for a continuance in order to have Mr. Lee evaluated by a professional. This motion, however, was denied by the trial judge. Subsequently, a voir dire proceeding was held in the absence of the jury to determine if Mr. Washington was qualified to testify as an expert. After reviewing the credentials of the proffered witness, the trial judge ruled that Mr. Washington was not an expert.[2]

On September 13, 1982, defense counsel intended to begin the presentment of his

1. The record indicates that defendant's notice of appeal in this case (No. 84–504–C.A.) was unsigned by his trial counsel and three days late. No motion for leave to extend the time to file the notice of appeal was submitted by the said trial counsel. In light of these deficiencies, defendant's appellate counsel petitioned the court for a writ of certiorari to review the defendant's claims (No. 84–529–M.P.). On February 13, 1985, this court, in the exercise of its discretion, granted defendant's petition. · Thereafter, on March 28, 1985, the court ordered defendant's appeal to be assigned for full briefing and argument. In conjunction with this order, the court consolidated the appeal with defendant's previously granted petition for certiorari.

2. No determination was made by the trial judge regarding Dr. Parsons' qualifications since defense counsel informed the court that he would present Dr. Parsons as an expert witness once the state rested its case.

case. The defendant, however, failed to show up for trial. The court issued a warrant for his arrest, but the police were unable to locate him. Following a brief recess, the trial judge made a preliminary finding that defendant was voluntarily absent and ordered the trial to proceed. When the jury was ushered into the courtroom, the trial judge informed the jurors that defendant had voluntarily absented himself from the proceedings and instructed them not to draw any conclusions from his absence. Thereafter, the trial continued as ordered and the jury returned its verdict on September 14, 1982. On November 4, 1982, the trial judge sentenced defendant in absentia over the objections of defense counsel.

The defendant contends on appeal that his conviction on the charge of carrying a firearm during the commission of a crime of violence along with his convictions for assault with intent to rob and assault with a dangerous weapon constitute double jeopardy in violation of the provisions in the United States and Rhode Island Constitutions.

Before the merits of defendant's claim can be addressed, however, there is a procedural issue that deserves preliminary attention. According to Rule 12(b)(2) of the Superior Court Rules of Criminal Procedure, the defense of double jeopardy must be raised before trial. Moreover, any failure to assert the double-jeopardy defense as a pretrial motion constitutes a waiver thereof under Rule 12(b)(2) unless the trial judge, in his discretion, permits an untimely assertion of the defense. *See also State v. Reis*, —— R.I. ——, ——, 430 A.2d 749, 755 (1981) (failure to advance double-jeopardy defense before trial constitutes a waiver of that issue under Rule 12(b)(2)). In order to avoid this waiver, the burden is on a defendant to show cause why relief should be granted notwithstanding the untimely assertion of the defense. *State v. Sharbuno*, 120 R.I. 714, 722, 390 A.2d 915, 920 (1978).

■ In the instant case, defendant did not attempt to raise his double-jeopardy claim until he moved for acquittal or dismissal of count 1 (carrying a firearm during the commission of a crime of violence) after the state had rested its case. The facts reveal that the trial judge refused to address defendant's alternative plea for dismissal on double-jeopardy grounds and explicitly treated the motion as a judgment of acquittal. As a result, we are precluded from circumventing Rule 12(b)(2) and reaching the merits of defendant's double-jeopardy claim. *But see State v. Grullon*, 117 R.I. 682, 687–88, 371 A.2d 265, 268 (1977) (this court bypassed Rule 12(b)(2) and addressed merits of defendant's double-jeopardy claim because trial justice treated acquittal motion as a belated motion to dismiss on double-jeopardy grounds). Furthermore, the record does not indicate whether the trial judge rejected defendant's double-jeopardy plea because it was untimely or because, after exercising his discretion to waive the procedural deficiency, he was unpersuaded on the merits. Consequently, the existence of this evidentiary gap also precludes us from considering defendant's double-jeopardy contention. *State v. Sharbuno*, 120 R.I. at 722, 390 A.2d at 920.

Accordingly, defendant's failure to present a procedurally proper double-jeopardy defense constitutes a waiver thereof under Rule 12(b)(2). *State v. Reis*, —— R.I. at ——, 430 A.2d at 755. As a result of this procedural deficiency and for the other above-cited reasons, the merits of defendant's double-jeopardy claim cannot be reached by this court on appeal. *Id.*

■ Another contention raised by defendant is that the trial justice erred in sentencing him in absentia. The thrust of this argument is that Super.R.Crim.P. 43 prohibits the imposition of a sentence in the defendant's absence, irrespective of whether that absence is voluntary or involuntary. Furthermore, defendant contends that Super.R.Crim.P. 32(a) requires that he be present at the imposition of his sentence. Again, before the merits of this claim can be addressed, there is a procedural question that defendant must overcome.

This court has unequivocally stated that the appropriate procedure for challenging an improperly or illegally imposed sentence is not to appeal directly to the Supreme Court but to seek revision of the sentence initially in the Superior Court under Super. R.Crim.P. 35. *State v. Bucci,* — R.I. —, —, 430 A.2d 746, 749 (1981); *State v. McParlin,* — R.I. —, —, 422 A.2d 742, 745 (1980); *State v. Tessier,* 115 R.I. 372, 373–74, 346 A.2d 121, 122 (1975). Rule 35 permits the Superior Court to reduce any sentence or to correct a sentence imposed in an illegal manner. *State v. Bucci,* — R.I. at —, 430 A.2d at 749. Absent a Rule 35 motion and a corresponding determination thereof in the Superior Court, this court will not consider issues involving the legality or propriety of a sentence. *Id.* We, therefore, dismiss the appeal on this issue without prejudice and with leave to seek relief in the Superior Court within 120 days pursuant to the provisions in Rule 35. *State v. McParlin,* — R.I. at —, 422 A.2d at 745–46.

■ The defendant also charges that the trial judge erred in ruling that Mr. Carlton Washington was not qualified to testify as an expert. The determination of whether a witness is qualified to testify as an expert lies within the sound discretion of the trial judge, which will not be disturbed on review unless there is an abuse of that discretion. *State v. Wheeler,* — R.I. —, —, 496 A.2d 1382, 1388 (1985); *State v. Fogarty,* — R.I. —, —, 433 A.2d 972, 978 (1981); *State v. Anil,* — R.I. —, —, 417 A.2d 1367, 1373 (1980).

According to the testimony of Mr. Washington at the voir dire proceeding, he graduated from high school and has been employed at the V.A. Hospital in Providence as a veterans counselor for the past ten years. His testimony also reveals that he only completed a year and a half of a two-year associate's program in social services at a local junior college. Moreover, Mr. Washington testified that his entire training relating to PTSD consisted of attending three or four seminars and reading several articles concerning the disorder. Although PTSD has been increasingly recognized as a legitimate defense in a criminal trial, courts have required that PTSD be proven through expert medical testimony by licensed physicians or psychiatrists. *See, e.g., United States v. Crosby,* 713 F.2d 1066 (5th Cir.1983); *United States v. Burgess,* 691 F.2d 1146 (4th Cir.1982). In fact, the court in *Crosby* specifically upheld the trial court's refusal to qualify a veterans counselor as an expert in the diagnosis of PTSD. *United States v. Crosby,* 713 F.2d at 1076. Based on, therefore, a review of Mr. Washington's credentials and taking into account the complex nature of the PTSD defense, the trial judge did not err in ruling Mr. Washington was unqualified to testify as an expert.

The defendant further contends that even if Mr. Washington could not have testified as an expert, he at least should have been permitted to testify concerning his observations of defendant's behavior and the conclusions drawn therefrom. According to the record, the only ruling by the trial judge was that Mr. Washington was not qualified to testify as an expert. As a result, the issue of whether Mr. Washington should have been able to testify in his capacity as a layman is not properly before this court, and we shall not address it. In addition, since defense counsel never presented Dr. Parsons as a witness, defendant's contention that the trial justice erred in ruling that Dr. Parsons' testimony was irrelevant is without merit and undeserving of our attention on review.

Another contention raised by defendant is that the trial judge improperly instructed the jurors that defendant's voluntary absence should have no effect on their obligation to decide the case on its merits. This court has consistently held that a jury charge must be reviewed in its entirety to determine its correctness. *State v. Long,* — R.I. —, —, 488 A.2d 427, 434 (1985). Furthermore, "[a] trial justice must make every effort to determine whether a particular defendant has waived his right to be

**336**

present." *State v. Brown,* 121 R.I. 422, 426, 399 A.2d 1222, 1225 (1979). After the trial justice's initial finding that the absence was voluntary, it is incumbent upon the defendant to come forward with evidence to rebut that finding. *State v. Holland,* — R.I. —, —, 430 A.2d 1263, 1269 (1981).

 In the instant case, the court issued a warrant for defendant's arrest after he failed to show up for trial. Subsequently, the police searched the area of defendant's last known address and checked admission records at two major local hospitals. In spite of their efforts, they were unable to locate defendant, who was perfectly aware that the trial would proceed. In light of the above information, the trial justice ruled that defendant had voluntarily absented himself from the proceedings. Defense counsel presented no evidence to rebut this finding. Since the trial justice was correct in ruling that defendant was voluntarily absent, he committed no prejudice by instructing the jurors to disregard defendant's voluntary absence in reaching their verdict. In fact, the trial justice indicates in the record, and we concur, that the instruction was necessary to avoid any prejudice to defendant. *See also, Peede v. State,* 474 So.2d 808, 815 (Fla.1985) (instruction regarding defendant's voluntary absence essential to avoid prejudice).

The defendant next argues that there never was a hearing at which he could explain his absence from trial once he was apprehended approximately nine months later. In view of our ruling that the defendant is free to contest his sentencing under Super.R.Crim.P. 35, we shall not address the merits of this issue. For this same procedural reason, we decline to review the defendant's claim that the trial justice erred in sentencing him on the charge of carrying a pistol without a license to more than the maximum penalty provided for under G.L. 1956 (1981 Reenactment) § 11–47–8.

Accordingly, the appeal is denied and dismissed, and the decision of the trial judge is affirmed except to the extent that the defendant may utilize Super.R.Crim.P. 35 to contest his sentencing within 120 days from the publication date of this Opinion.

BEVILACQUA, C.J., did not participate.