**STATE**

v.

**Noberto ROSADO–LUGO.**

**No. 90–468–C.A.**

Supreme Court of Rhode Island.

May 31, 1991.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Teresa Rusbino, Sp. Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld, Barbara Hurst, Asst. Public Defenders, for the State.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on May 8, 1991, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The defendant, Noberto Rosado–Lugo, appeals from convictions of conspiracy to deliver cocaine and delivery of cocaine. The defendant was acquitted on an additional count of delivery of cocaine. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we find that the defendant's arguments are without merit.

■ The defendant contends that the trial justice erred in admitting into evidence identifications of defendant by two undercover police detectives to whom defendant had allegedly sold cocaine. The defendant argues that the identifications were unreliable because each detective viewed the drug seller for only a short time, the identifications were not made for over two months, and the descriptions did not closely match defendant. We find no error. The record contains sufficient evidence of the identification's reliability and the detective's experience in identifying suspects.

■ The defendant also contends that the trial justice erred in refusing to sever the third count, delivery of cocaine to the second detective, from the two counts for which defendant was convicted. It is well settled that denial of a motion for severance is within the sound discretion of the trial justice and does not constitute a ground for reversal unless there has been a clear abuse of discretion resulting in substantial prejudice to a defendant. *State v. Whitman*, 431 A.2d 1229, 1233 (R.I.1981). In this case the three offenses were sufficiently similar to allow the state to charge them together. Superior Court Rules of Criminal Procedure Rule 8(a). Furthermore we can discern no prejudice resulting in a situation in which the jury acquitted defendant on the third count.

Reviewing the defendant's three remaining contentions, we find that no errors were committed.

Therefore, it is the conclusion of this court that cause has not been shown. The defendant's appeal is summarily denied and dismissed, and the judgment of the Superior Court is affirmed.