DECISION
Defendants Edward D. DiPrete and Dennis L. DiPrete were indicted for alleged violations of state Racketeer Influenced and Corrupt Organizations (RICO), bribery, extortion, and perjury statutes. The extortion charges (and all RICO charges predicated on extortionate acts) have previously been dismissed by this court. The perjury counts have previously been severed.
Defendant Dennis L. DiPrete (the defendant) now seeks to sever the trial of the remaining charges brought against him from those remaining against his father, defendant Edward D. DiPrete. The defendant advances two arguments: (1) that the introduction of evidence relating to charges made solely against his father will cause confusion in the minds of the jury, resulting in prejudice to the defendant; and (2) that the unavailability of defendant Edward D. DiPrete's counsel until May 1996 because of health considerations also would result in prejudice to the defendant.
The State opposes the defendant's motion, citing an insufficient showing of actual prejudice. The State argues that the defendant's claim of prejudice relative to confusion in the minds of jurors is entirely speculative in nature and that any possible confusion that may exist is easily cured through jury instructions. In light of the public's interest in an efficient and economic administration of justice, the State concludes, the defendant's motion on both grounds should be denied.
"A criminal defendant is not entitled to severance as a matter of right; a motion for severance is an issue directed to the sound discretion of the trial justice." State v. Vasquez,620 A.2d 1248, 1251 (R.I. 1993). In exercising that discretion, the court is guided by the decision in State v. Parente, 460 A.2d 430
(R.I. 1983), where the court held that the trial justice should grant a motion for severance when defendants jointly indicted intend to present antagonistic defenses, when the jury would be unable to isolate and consider the evidence admissible in regard to the defendant in determining his guilt or innocence, or when severance will otherwise best serve the ends of justice. The mere potential for and likelihood of prejudice is insufficient to require severance, the defendant has the burden of demonstrating substantial real prejudice. State v. Whitman, 431 A.2d 1229, 1233 (R.I. 1981). A showing of real prejudice involves more than mere disadvantage. State v. Patriarca, 112 R.I. 14, 29-30,308 A.2d 300, 311 (1973).
It is necessary to examine the underlying allegations in the indictment in order to evaluate the defendant's claim that real prejudice will occur as a result of a joint trial. The remaining counts of the indictment charge that defendant Dennis L. DiPrete, defendant Edward D. DiPrete, and certain unindicted parties violated state bribery statutes by obtaining or seeking to obtain money or campaign contributions in return for the award of state architectural and engineering contracts. The indictment also alleges that defendant Edward D. DiPrete, either alone or in conjunction with one Rodney Brusini, violated the same statutes by obtaining or seeking to obtain money or campaign contributions in return for the award of leasing contracts with state agencies. Finally, the indictment charges that Edward D. DiPrete and other unindicted parties engaged in an ongoing conspiracy in violation of the state RICO statute. Defendant Dennis L. DiPrete is not alleged to have joined this conspiracy until after January 1, 1988.
The defendant contends that the introduction of evidence relating to acts alleged to have been committed solely by his father, defendant Edward D. DiPrete, and other unindicted parties will create confusion in the minds of the jury and lead to a negative spillover unfairly prejudicing the defendant. The defendant makes a similar claim with respect to evidence concerning acts occurring prior to January 1, 1988, when there is no allegation of his involvement in the complained of wrongdoing.
A review of the allegations in the indictment belies these claims. The charges are clearly delineated such that a limiting instruction will eliminate any confusion that may possibly exist in the minds of the jury. See United States v. Doherty, 867 F.2d 47, 64 (1st Cir. 1989) (spillover claim rejected based on trial court's segregation of evidence and limiting instructions), cert.denied 492 U.S. 918 (1990).