STATE

v.

Robert L. LUSSIER.

No. 95–209–C.A.

Supreme Court of Rhode Island.

Nov. 22, 1996.

Andrea Mendes, Special Asst. Attorney General and Aaron Weisman, Asst. Attorney General, for Plaintiff.

Barbara Hurst, Asst. Public Defender and Paula Rosin, Asst. Public Defender, for Defendant.

**OPINION**

PER CURIAM.

This case came before the court for oral argument on October 8, 1996, pursuant to an order directing both parties to appear and show cause why this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Robert L. Lussier, appeals from a judgment of conviction entered in the Superior Court of one count of kidnapping in violation of G.L.1956 § 11–26–1. The defen-

dant had also been charged with first-degree sexual assault but was acquitted of this charge. On appeal defendant challenges the trial justice's exclusion of certain statements made by the victim's mother and the denial of his post-trial motion to dismiss the charges against him on the grounds of collateral estoppel. A summary of the facts insofar as pertinent to this appeal follows.

On September 10, 1993, defendant was arraigned on a secret indictment charging him with one count of kidnapping and one count of first-degree sexual assault. On the basis of these charges the state filed a motion to revoke defendant's probation pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure.[1] On September 27, 1993, a combination bail/probation-revocation hearing was held. Following the presentation of the evidence, the hearing justice was not reasonably satisfied that defendant had violated the terms and conditions of his probation. Despite this conclusion the hearing justice ordered that the case proceed to trial by jury.

At trial defendant sought to introduce evidence of threatening statements allegedly made by the victim and the victim's mother. The trial justice partially granted defendant's request by allowing him to introduce testimony by defendant's mother that the victim had threatened her with the arrest of defendant before the victim reported the assault and kidnapping to police. Yet the trial justice excluded testimony by defendant's mother that weeks before the assault and kidnapping the victim's mother had warned defendant's mother in the presence of the victim that unless defendant stopped seeing the victim, defendant would find himself "dead or in jail."

Subsequently the jury found defendant not guilty of first-degree sexual assault but found him guilty of kidnapping. The trial justice denied defendant's motion for a new trial on

the kidnapping charge and scheduled sentencing for June 17, 1994.[2] Prior to sentencing, defendant retained new counsel who filed an untimely motion to dismiss the kidnapping charge on the grounds that the trial justice's finding of nonviolation at the revocation hearing precluded the state from criminally charging him. The trial justice denied defendant's motion to dismiss, reasoning that the kidnapping charge was not in issue in the probation-revocation hearing and that in any event, defendant's filing of the motion to dismiss after his trial constituted a waiver of the collateral-estoppel defense. On October 24, 1994, the trial justice sentenced defendant to six years' imprisonment, with one year to serve and the remaining five years suspended. This appeal followed.

The defendant first challenges the trial justice's exclusion of the threatening statements allegedly made by the victim's mother to defendant's mother while the victim was present. He contends that by remaining silent in the face of her mother's threats the victim adopted her mother's statements as her own, making them admissible as evidence of her hostility toward defendant. The trial justice, however, apparently excluded this evidence, finding it irrelevant to the issue of the victim's bias.[3]

■ Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." R.I. R. Evid. 401. It is well settled that the determination of relevance is a matter left to the sound discretion of the trial justice, and absent a showing of abuse of this discretion we shall not disturb a trial justice's ruling on the admissibility of evidence. *State v. Neri*, 593 A.2d 953, 956 (R.I.1991); *State v. Brennan*, 527 A.2d 654, 656 (R.I.1987). Relevant evidence may also be excluded if its probative value is substantially outweighed by the

1. The defendant was on probation for a 1992 charge of breaking and entering.

2. After the trial justice ruled on defendant's motion to dismiss on the grounds of collateral estoppel, sentencing was rescheduled for October 24, 1994.

3. The trial justice did not specifically articulate the reason for excluding these statements, but after defense counsel contended that they constituted evidence of the motive of the victim's family to fabricate the charged offenses, the trial justice denied defendant's request to introduce them into evidence.

danger of unfair prejudice, by confusion of the issues, by the possibility of misleading the jury, or by the needless presentation of cumulative evidence. *See State v. Huguenin*, 662 A.2d 708, 711 (R.I.1995); R.I. R. Evid. 403.

In this instance the trial justice correctly concluded that even though the victim's threat to defendant's mother was probative of her possible motive to fabricate the charges brought against defendant, her mother's statements made weeks before the assault occurred were not. Further, we do not find the victim's silence in the face of her mother's remarks sufficient justification for concluding that she agreed with or approved of those remarks. The mother's statements were not made in circumstances in which one would expect the victim would reply. *See State v. Lerner*, 112 R.I. 62, 84, 308 A.2d 324, 338 (1973); *see also* R.I. R. Evid. 801(d)(2)(B). Nor have we ever held that silence alone is the sole criteria justifying the introduction into evidence of a purported admission. *See, e. g., State v. Dame*, 488 A.2d 418, 425–26 (R.I.1985). We do not, in any event, equate a threat made by a third person with an accusation that an innocent person would be expected to deny. The exclusion of this evidence therefore did not constitute an abuse of discretion.

The defendant's second contention on appeal is that the state could not criminally charge him with kidnapping because the hearing justice concluded at the probation-revocation hearing that he had not violated the terms and conditions of his probation. *See, e.g., State v. Chase*, 588 A.2d 120 (R.I. 1991).

It is not clear from the record before us whether the hearing justice considered the kidnapping charge in addition to the sexual-assault charge in finding defendant not to be a violator of his probation. Nevertheless, the state initially sought to have defendant adjudicated a violator upon the basis of either or both charges, and evidence pertaining to both offenses was presented at the revocation hearing. Notwithstanding this ambiguity, the trial justice properly noted that a motion to dismiss on the grounds of collateral estoppel, like a motion to dismiss on the grounds of double jeopardy, must be raised before trial. *See* Super. R.Crim. P. 12(b)(2). Failure to present such a motion before trial results in a waiver of this defense. *Id; see also State v. Lee*, 502 A.2d 332, 334 (R.I.1985). The purpose of this requirement is to secure for the court the opportunity to inquire into and to cure any alleged defects before the parties are forced to undergo the burden and the expense of a trial. *State v. O'Coin*, 417 A.2d 310, 313 (R.I.1980). In order to avoid waiver of a claim of collateral estoppel, defendant must show cause why relief should be granted notwithstanding the untimely assertion of the defense. *See State v. Sharbuno*, 120 R.I. 714, 721–22, 390 A.2d 915, 920 (1978). This determination is vested in the sound discretion of the trial justice. *Id.*

Here the trial justice, after hearing the arguments of both parties, determined that the untimely filing of the motion to dismiss resulted in a waiver of the defendant's right to assert it. The defendant claims that he did not intend to waive this right, that the failure to file the motion in a timely manner was the result of the ineffective assistance of his former defense counsel. This court, however, has held that a claim of ineffective assistance of counsel is more appropriately raised in a motion for post-conviction relief. *State v. Tooher*, 542 A.2d 1084, 1088 (R.I.1988). Although claims based on specific rulings of a trial justice may be considered by this court on direct appeal, the trial justice in this case made no specific findings concerning ineffective assistance of defense counsel, nor is the record fully developed regarding this issue. *Id.* This court, therefore, will not entertain the defendant's incompetency-of-counsel claim.

For the reasons stated, the appeal of the defendant is denied and dismissed and the judgment of conviction is affirmed. The papers may be remanded to the Superior Court.

WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ., concur.

MURRAY, J., not participating.